# G. J. KOHLER v. W. J. JENNISON COMPANY.[1]

January 8, 1915.

Nos. 18,886—(130).

**Mill pond used as playground — liability of owner.**

The owner of a mill pond who permits children to use as a playground the ice formed thereon in winter, is not liable for the death of a child from falling into a hole caused by the ordinary operation of the mill, even though the dust from the mill has caused the hole and the ice about it to become so covered with dust that it is impossible for the eye to distinguish between the ice and the water.

Action in the district court for Swift county by the administrator of the estate of Milton Kohler, deceased, to recover $7,500 for the death of his intestate by drowning in defendant's mill pond. The answer specifically denied that Milton Kohler was drowned by reason of any negligent act, conduct or omission of defendant, and alleged that deceased was at the time of his death trespassing on the ice and mill pond, without the knowledge, invitation, permission or consent of defendant. The case was tried before Powers, J., and a jury which returned a verdict in favor of plaintiff for $500. Defendant's motion for judgment notwithstanding the verdict was denied. From the judgment entered pursuant to the verdict, defendant appealed. Reversed.

*T. J. McElligott* and *Briggs, Thygesen & Everall,* for appellant.
*John I. Davis* and *Davis & Michel,* for respondent.

PER CURIAM.

Defendant owns a mill pond in the village of Appleton. On December 28, 1912, Milton Kohler, a child of six years and nine months, was drowned by falling through a hole in the ice of the pond.

[1] Reported in 150 N. W. 235.

Note.—The authorities on the question of the duty of a property owner to trespassing child are gathered in a note in 32 L.R.A. 559.

The jury found for plaintiff. Defendant moved for judgment notwithstanding the verdict. The motion was denied, judgment entered and defendant appealed.

The facts are as follows: This pond was about two and one-half miles long and 185 feet wide at the widest part. The mill proper stands at one end of the dam. Above and adjoining the mill is a warehouse 100 feet long. About 85 feet above the dam are two booms, 10 feet apart, each made of timbers chained together endwise and each extending across the pond. At a point between the booms, and opposite the lower portion of the warehouse, was located a blow-pipe about ten inches from the surface of the water. In the operation of the mill this pipe discharged dust out upon the pond. The pond had been frozen over about this blow-pipe for nearly six weeks, but the air coming from the pipe was warm and had kept a small area of water from freezing. The dust from the pipe settled on the ice and upon the water in the open hole so that it was impossible for the eye to distinguish where the solid ice left off and the water began. Deceased and another child about the same age had been playing for some time upon the ice with a sled. While playing near this blow-pipe deceased fell into the hole in the ice and was drowned.

The claim of plaintiff is that defendant was negligent in making this hole in the ice and then covering the surface of the water and the ice thereabout with dust so that the hole could not be seen.

It appears that every winter, for at least 17 years, the children of the village used this mill pond for skating, sliding and other childish sports. They skated where skating was good. In 1912, by reason of dust and a light fall of snow, the skating was not good near the blow-pipe, but the children played thereabout. They were all over the pond on good days and used it as a playground. It might be inferred from the evidence that the defendant had knowledge of their presence and acquiesced in their playing there; in other words, that they were licensees. The claim of plaintiff is that defendant was negligent in causing this hole in the ice and then causing the surface of the water and the ice thereabout to be so covered with dust that the hole could not be seen.

A majority of the court are of the opinion that under the facts stated plaintiff is not entitled to recover.

The owner of premises owes some duty to one who comes upon them as a mere licensee, but as a rule a licensee upon premises takes the premises as he finds them, and the owner is not obliged to take active measures to protect him from dangers incident to the ordinary use to which the premises are subject. Hyatt v. Murray, 101 Minn. 507, 509, 112 N. W. 881. This accident happened near the mill and upon the part of the ice least frequented. No duty was imposed upon defendant to erect barriers or to otherwise guard the hole. There being no evidence sufficient to sustain a verdict for plaintiff, judgment should have been given for defendant.

Judgment reversed.