356 P.2d 25

**PARKER'S HAMBURGER NUMBER ONE,**
an Arizona corporation, Appellant,

v.

**Mary Ann FITZGERALD, Appellee.**

No. 6568.

Supreme Court of Arizona.

Oct. 19, 1960.

Rehearing Denied Dec. 20, 1960.

Parker's Hamburger Number One (hereinafter called the "defendant") appeals from a judgment of the Superior Court of Maricopa County, entered on a jury verdict, awarding Mary Ann Fitzgerald (hereinafter called the "plaintiff") damages in the sum of $10,650.

The record shows that defendant owned and operated a drive-in restaurant located at the corner of 19th and Van Buren Streets in the City of Phoenix. On the morning of July 5, 1955 plaintiff proceeded from 19th Street diagonally across defendant's premises to reach a bus stop located on Van Buren Street. While on the premises, plaintiff tripped over a metal pipe, thereby suffering the personal injuries for which she has been awarded judgment.

Both parties agree that at the time of the accident plaintiff was a "gratuitous licensee" on the premises occupied by defendant. It is not disputed that members of the public frequently crossed defendant's premises to reach the Van Buren Street bus stop, with defendant's knowledge and without its objection. See Mull v. Roosevelt Irrigation District, 77 Ariz. 344, 272 P.2d 342; Barry v. Southern Pacific Co., 64 Ariz. 116, 166 P.2d 825. Nor is there serious disagreement as to the legal test governing the liability of an occupier of property for personal injuries sustained thereon by a gratuitous licensee.

In Mull v. Roosevelt Irrigation District, supra, 77 Ariz. at page 346, 272 P.2d 342,

Stockton & Karam, Phoenix, for appellant.

Langerman & Begam, Phoenix, for appellee.

BERNSTEIN, Justice.

343 this Court set forth the applicable test, as follows:

> "Generally, there are two bases of liability of a possessor of land for personal injury sustained thereon by a bare or gratuitous licensee: For an active act of negligence causing injury when the owner knows or is charged with knowledge of the presence of the licensee, or when the possessor without warning or other protective measures creates or permits the existence of hidden perils commonly called pitfalls or traps of which the licensee has no knowledge or cannot be charged with knowledge."

See also Sanders v. Brown, 73 Ariz. 116, 238 P.2d 941; Southwest Cotton Co. v. Pope, 25 Ariz. 364, 218 P. 152.

As plaintiff does not claim that her injuries were caused by defendant's active negligence, the essential question is whether the metal pipe over which she tripped was a "hidden peril," or "pitfall" or "trap", for which some warning or protective device should have been provided, or whether it constituted a risk that must be assumed by a gratuitous licensee. Defendant contends that there was not sufficient evidence to justify submission of the case to the jury or to permit judgment to be entered on the verdict.

The evidence in the instant case shows that the pipe over which plaintiff tripped was one inch in diameter and ran approximately five inches above the ground, in a westerly and slightly northerly direction, for a distance of about eight feet. The pipe, which enclosed electrical wires, led, at one end, to an electric sign which was 3 feet wide at the base, 20 feet high, and 10 feet wide at the top. At its other end the pipe was attached to a metal post inserted in the ground and along which the pipe passed through a switch box into the ground. The electric sign was located approximately 4 to 5 feet from the edge of the sidewalk on Van Buren Street (which runs east-west), and approximately 50 feet from 19th Street (which runs north-south). The sign stood about 35 feet from the restaurant building and was surrounded by open area which was used as a driveway and parking space for defendant's customers. Both the sign and the pipe were erected by or on behalf of the defendant.

Plaintiff testified that prior to the morning of July 5 she had never crossed defendant's premises; that while walking south on 19th Street she noticed a bus approaching the Van Buren Street bus stop; that she started running across the open area on defendant's premises near the electric sign to reach the bus; and that she was looking straight ahead in the direction in which she was going when her left foot hit the pipe, causing her to fall to the ground. She testified that there was nothing to warn her of the pipe and that at the

time of the accident the pipe was in the shadow cast by the sign and "was the same color as the ground and I never saw it."

The bus driver who came to plaintiff's aid after the accident testified that the color of the pipe and the ground "would be very near similar." Another witness for the plaintiff testified that the pipe and the ground "blended together so you could hardly notice them unless you looked sharp to see it"; that at a distance of 10 feet the pipe was "hardly discernible" from the ground; and that at a distance of 5 feet, the elevation of the pipe five inches above the ground was "very visible" "if you looked for it." Defendant's manager testified that there was a "difference in the color between the pipe and the black-top pavement" and that the pipe could be seen from a distance of 35 feet.

Plaintiff's position is that the testimony was conflicting and presented a question for the jury as to whether, from the point of view of a prudent and careful passerby entitled, as a licensee, to cross defendant's premises to reach the bus stop, the pipe constituted a "hidden peril." We think this question does not properly focus the issue of a property owner's liability to a licensee.

As stated in Mull v. Roosevelt Irrigation District, supra, 77 Ariz. at page 347, 272 P.2d at page 344:

"There are numerous cases upon this subject but running through the history of the principle and the decisions based thereon imposing liability under such conditions is generally the idea of deceit or camouflage. * * * It is an act or omission of the defendant which gives a dangerous instrumentality or condition an innocent appearance to the unwary licensee. * * * Failure to provide protection against injury from its existence must be the equivalent of a willful and wanton act."

In the instant case the pipe was not hidden; it could have been seen if looked for; and, according to plaintiff's evidence, it was "very visible" at a distance of five feet. The liability of a property owner to a licensee requires that the pipe *not* be visible; otherwise, it is not a "trap" or "pitfall." It is not sufficient that the plaintiff, even though exercising due care, did not see the pipe.

See Mull v. Roosevelt Irrigation District, supra, 77 Ariz. at pages 346–347, 272 P.2d at page 343, where this Court stated:

"The general rule is that one who goes upon another's property as a gratuitous licensee for his own benefit and pleasure must take it in the condition he finds it and must assume all risks incidental to such condition and the business conducted thereon. The owner may make any lawful use ·in the careful operation of his business even though such use. or operation is pregnant with incidental dangers. Under

these conditions the owner is under no obligation to protect the licensee against such danger. 65 C.J.S., Negligence, §§ 35d and 35e. The owner or occupier is not obliged to keep his premises in a safe condition for the benefit of licensees nor is there any absolute obligation to warn them of hidden dangers. 38 Am.Jur., Negligence, §§ 105 and 106."

We hold that the trial court erred in denying defendant's motion for a directed verdict.

The judgment is reversed and the cause remanded with directions to enter judgment for the defendant.

STRUCKMEYER, C. J., and PHELPS, UDALL, and LESHER, JJ., concurring.