CLAUDIA M. FAUCI, an Infant, by Her Guardian ad Litem, FRANK J. FAUCI, et al., Respondents, v. TERESA MILANO et al., Appellants.—

The complaint and bill of particulars allege that the infant plaintiff was injured while playing with defendants' child, at the invitation of defendants, in and about an excavation and a partially constructed patio wall on defendants' premises, "although the defendants knew said condition to be dangerous to a child of tender years"; that the defendants were negligent in failing to guard the "excavation" or to "warn [said] plaintiff away from said excavation," although they saw "plaintiff and others playing, running and climbing about same"; that defendants "had been told by plaintiff's mother that said wall was dangerous" and that defendants were requested to "restrain the children, and said plaintiff from playing about same"; that defendants "knew the condition of said wall and patio and knew said children and plaintiff were about same on the occurrence of the accident and on prior occasions"; and that defendants, nevertheless, permitted the infant plaintiff and other children to play about the patio and excavation. Excerpts from an examination before trial of the infant plaintiff were read in support of defendants' motion for summary judgment. She testified that, while playing

"follow the leader" with other children in the yard of defendants' premises, she was injured when she "stumbled" in attempting to climb over or jump over a portion of the wall — about to the height of her knees — of the partially completed patio. The affidavit in opposition, made by an attorney who does not reveal personal knowledge of the facts, is without probative value (*Barnet* v. *Horwitz*, 278 App. Div. 700; *Cohen* v. *Pannia*, 7 A D 2d 886). The so-called doctrine of attractive nuisance does not apply in New York (*Morse* v. *Buffalo Tank Corp.*, 280 N. Y. 110, 115). A social guest, such as the infant plaintiff here, is viewed in the eyes of the law as a licensee, and must take the premises as he finds them (*Krause* v. *Alper*, 4 N Y 2d 518). The defendants, therefore, owed the infant plaintiff only: (a) the duty to exercise reasonable care to disclose dangerous defects known to them and not likely to be discovered by plaintiff (*Bernal* v. *Baptist Fresh Air Home Soc.*, 275 App. Div. 88, 96, affd. 300 N. Y. 486; *Krause* v. *Alper* [*supra*]); and (b) the duty "to abstain from inflicting intentional, wanton or willful injuries" (*Mendelowitz* v. *Neisner*, 258 N. Y. 181, 184; cf. *Carbone* v. *Mackchil Realty Corp.*, 296 N. Y. 154; *Mendez* v. *Goroff*, 13 A D 2d 705). No such breach of duty is here claimed. Under the circumstances, there can be no recovery by the plaintiffs and the defendants are entitled to judgment in their favor, as a matter of law (Rules Civ. Prac., rule 113). Kleinfeld, Christ and Hopkins, JJ., concur; Beldock, P. J., and Ughetta, J., dissent and vote to affirm the order denying defendants' motion for summary judgment, with the following memorandum: On this record, and particularly in the light of the photographs, issues of fact are presented: (1) as to whether, under all the circumstances, the excavation and the partially completed patio wall constituted a trap or an inherently dangerous condition as to young children permitted or invited to romp and play there; and (2) if so, as to whether defendants discharged their duty of exercising reasonable care to warn the infant plaintiff of the trap or danger, or to take other adequate measures to guard against it (cf. *Soto* v. *City of New York*, 9 N Y 2d 683; *Runkel* v. *City of New York*, 282 App. Div. 173; *Runkel* v. *Homelsky*, 286 App. Div. 1101, affd. 3 N Y 2d 857). Such issues should be resolved by a plenary trial and not by a motion for summary judgment.