■ JOSEPH BUA, Individually and as Guardian ad Litem of CYNTHIA BUA, an Infant, et al., Respondents, v. EDWARD FERNANDEZ, Appellant, et al., Defendant.—In an action: (1) by Cynthia Bua, an infant, to recover damages for personal injury, suffered as a consequence of walking into a glass door while she was a social visitor attempting to exit from the living room to the outside patio in the rear of defendants' premises; and (2) by her father, Joseph Bua, for medical expenses and loss of services, the defendant Edward Fernandez appeals from a judgment of the Supreme Court, Nassau County, entered April 10, 1964 upon the court's decision after a nonjury trial, in favor of the plaintiffs. Judgment affirmed, with costs. In our opinion, the defendant's liability was properly determined as a question of fact, since the glass was not made apparent by any warning device to one using the passageway (*Shannon* v. *Broadway & 41st St. Corp.*, 272 App. Div. 1029, affd. 298 N. Y. 589). The infant plaintiff " having ' the status of a licensee ', the defendant [landowner] owed him ' the duty to exercise reasonable care to disclose * * * dangerous defects known to defendant and not likely to be discovered by plaintiff ' " (*Brzostowski* v. *Coca-Cola Co.*, 16 A D 2d 196, 199). Under the circumstances here, whether the defendant owner properly discharged his duty was an issue of fact (cf. *Brzostowski* v. *Coca-Cola Co.*, *supra*). Beldock, P. J., Rabin and Hopkins, JJ., concur; Ughetta and Christ, JJ., dissent and vote to reverse the judgment and to dismiss the complaint on the ground that under the circumstances here the glass door did not constitute a trap or hidden danger of which the infant plaintiff, a social

visitor, was unaware; and hence the defendant owner did not have any duty to give said plaintiff special notice or warning with respect to such door.