428 P.2d 990

Cindy SHANNON, a minor, by Robert E. Shannon, her Guardian ad Litem, Appellant,

v.

BUTLER HOMES, INC., an Arizona corporation, and Don Larsen, Appellees.

No. 8319.

Supreme Court of Arizona,
In Banc.

June 14, 1967.

314

Kenneth Rosengren, Phoenix, for appellant.

O'Connor, Anderson, Westover, Killingsworth & Beshears and John P. Otto, Phoenix, for appellees.

STRUCKMEYER, Justice.

This action was brought by Robert E. Shannon as guardian ad litem of Cindy Shannon, a minor, age nine years, to recover for her injuries suffered when she "collided with and broke" an "Arcadia-style" plate glass door while a guest at the home of appellee Don Larsen. Appellees, Butler Homes, Inc., and Don Larsen, moved for summary judgment, and a judgment of dismissal was entered in the trial court. This appeal followed.

Other than the complaint and answer, the trial court had only an affidavit by the appellant's attorney and answers to certain interrogatories directed to appellees upon which to base its judgment. The affi-

davit contained no significant information. The interrogatories were, in general, inquiries into the nature and composition of the glass in the door and established nothing other than that the glass was ³⁄₁₆th-inch heavy sheet or crystal. Consequently, this appeal must be tested as if appellees had sought, and the court had granted either a motion to dismiss under Rule 12(b), or a judgment on the pleadings pursuant to Rule 12(c), Rules of Civil Procedure, 16 A.R.S.

> "It was proper for the court below to pass on the motion as one for summary judgment, but it was, under the circumstances, 'functionally the same as a motion to dismiss or a motion for judgment on the pleadings.'" Mercantile National Bank at Dallas v. Franklin Life Insurance Company, 5 Cir., 248 F.2d 57, 59.

A motion for judgment on the pleadings tests the sufficiency of the complaint and if the complaint fails to state a claim for relief, judgment should be entered for the defendant. Well-pleaded allegations will be taken as true but conclusions of law are not admitted. Young v. Bishop, 88 Ariz. 140, 353 P.2d 1017.

*The Action Against Butler Homes, Inc.*

The complaint as against Butler Homes alleges, in effect, that appellee, having installed the door as the builder of the Larsen home, knew that it created a deceptive illusion of space and was a trap and failed to provide adequate warning by markings upon the door or to use laminated safety glass or glass of sufficiently strong qualities and characteristics; and that Butler Homes impliedly warranted the fitness thereof, which warranty extended to the appellant as an invited guest upon the premises.

■ The allegation of implied warranty adds nothing to appellant's case. The liability of a manufacturer of an article is in tort (see Phillips v. Anchor Hocking Glass Corp., 100 Ariz. 251, 413 P.2d 732, and concurring opinion of Justice Lockwood in Nalbandian v. Byron Jackson Pumps, 97 Ariz. 280, 399 P.2d 681), and it is not assumed by agreement but imposed by law. Crystal Coca-Cola Bottling Co. v. Cathey, 83 Ariz. 163, 317 P.2d 1094.

■ Upon completion and acceptance of the work by the owner, a contractor is not liable for tortious conduct to third persons for injuries thereafter suffered. Kennecott Copper Corp. v. McDowell, 100 Ariz. 276, 413 P.2d 749; Roman Catholic Church, Diocese of Tucson v. Keenan, 74 Ariz. 20, 243 P.2d 455. But the rule is otherwise where the work is inherently, intrinsically or abnormally dangerous, or so manifestly defective as to be imminently dangerous to third persons, E. I. Du Pont De Nemours & Co. v. Kissinger, 5 Cir., 259 F.2d 411, cert. den. 359 U.S. 950, 79 S.Ct. 736, 3 L.Ed.2d 683; Hale v. Depaoli, 33 Cal.2d 228, 201 P.2d 1, 13 A.L.R.2d 183; Schifano v. Security Building Company, 133 Cal.App.2d 70, 283 P.2d 306; Del Gaudio v. Ingerson, 142 Conn. 564, 115 A.2d 665; Paul Harris Furniture Co. v. Morse, 10 Ill.2d 28, 139 N.E.2d 275; Andrews v. Del Guzzi, 56 Wash.2d 381, 353 P.2d 422, absent circumstances that the danger was not discovered or obvious to the owner. Russell v. Arthur Whitcomb Co., 100 N.H. 171, 121 A.2d 781; Prosser, Torts, 2d Ed., § 85, p. 519.

■ It is our opinion that glass doors are like other common objects or conditions in and about a home. They are not so inherently or imminently dangerous to third persons that they can be said to be embraced within the exceptions to the rule.

> "We do not think negligence ought to be found merely because the door was made of one large piece of glass. * * * A door of this kind is to be classed with other forms of construction such as various types, whether new or old, of doors, floors, stairs, and ramps, not out of repair, upon which it is possible for an invitee to receive injury, but which are not of such a character that danger is reasonably to be anticipated from them to persons exercising ordinary care." Rosenberg v. Hartman, 313 Mass. 54, 46 N.E.2d 406.

The allegations that the glass door created a deceptive illusion, coupled with lighting conditions, the absence of markings on the door, and the lack of safety glass or glass of sufficiently strong qualities were not sufficient to bring Butler Homes, Inc., within the general rule of liability because plainly the condition thereby created was as obvious to the owner as to the builder. From the facts pleaded, it is evident that appellant did not state a cause of action against Butler Homes, Inc., and that a judgment of dismissal was proper. Cf. United States v. Thurston Co., D.C., 54 F.Supp. 201, aff'd 8 Cir., 149 F.2d 485, cert. den. 326 U.S. 744, 66 S.Ct. 58, 90 L.Ed. 444, rehg. den. 326 U.S. 808, 66 S.Ct. 138, 90 L.Ed. 493.

### The Action Against Don Larsen

The complaint, as against Larsen, the owner of the property, when construed most favorably to appellant, discloses that Cindy Shannon was an invited guest at the Larsen home, that the glass door with which she collided created a deceptive illusion and was a trap by reason of the lighting conditions and absence of safety glass or signs or markings on the door, and that Larsen did not warn the minor appellant of the hazards and perils attendant to using "Arcadia-style" plate glass doors. It was further alleged that the door was an attractive nuisance.

We first observe that this is not a case of attractive nuisance. The doctrine of attractive nuisance applies to children trespassers. MacNeil v. Perkins, 84 Ariz. 74, 324 P.2d 211, Downs v. Sulphur Springs Valley Electric Cooperative, 80 Ariz. 286, 297 P.2d 339.

Authorities are in agreement that, although a social guest may be on his host's property as the result of an express invitation, he is only a licensee and is not entitled to the same care for his safety as one who is on the property of another as a business invitee. Prosser puts it this way:

"Thus all of the decisions are agreed that a social guest, however cordially he may have been invited and urged to come, is not in law an invitee, but is nothing more than a licensee, to whom the possessor owes no duty of inspection and affirmative care to make the premises safe for his visit. The reason usually given is that the guest understands when he comes that he is to be placed on the same footing as one of the family, and must take the premises as the occupier himself uses them, without any preparation for his safety; and that he understands that he must assume the risk of defective conditions unknown to the occupier, and is entitled at most to a warning of dangers that are known. There has been some undercurrent of dissent, as to whether this is really in accord with present social customs, and some writers have urged that the guest be treated as an invitee, but thus far the courts have not been induced to change their position." Prosser on Torts, pp. 447–448.

Arizona is committed to the same rule.

"Having concluded the plaintiff was a guest and not an invitee, our next problem is to determine what duty the defendant owed to him. The rule seems to be settled on this point that the owners of the premises owe no duty to the guest other than to refrain from knowingly letting him run upon a hidden peril or wantonly or wilfully causing him harm. * * * '* * * However, the rule is that a host who knows of a concealed danger upon the premises is guilty of negligence if he permits the guest, unwarned of the peril, to come in contact therewith, and he may be held liable to the guest for an injury thus sustained.'" Sanders v. Brown, 73 Ariz. 116, 238 P.2d 941, 944–945.

In the present case, appellant pleaded that the glass door because of its deceptive illusion coupled with lighting conditions and absence of signs and markings created a trap. We cannot say from the allegations of the complaint and denials of the answer that the glass door was not a

hidden peril within the meaning of Sanders v. Brown, supra.

■ Appellant further pleaded that the appellee failed to notify or warn the minor plaintiff of the hazards and perils attendant to using this "Arcadia-style" glass door. It is clear that the occupier of premises is under a duty to warn the licensee of hidden perils of which the owner knows but of which he cannot reasonably assume that the licensee knows or by a reasonable use of his faculties would observe. Sanders v. Brown, supra; and see summary to annotation 25 A.L.R.2d 598, Liability for Injury to Guest in Home or Similar Premises.

■ We are dealing here with a child. The characteristics of children are proper matters for consideration in determining what is ordinary care with respect to them, and there may be a duty to take precautions with respect to those of tender years which would not be necessary in the case of adults. The duty is to exercise such care as a reasonable prudent person would exercise toward children under like circumstances. Beliak v. Plants, 84 Ariz. 211, 326 P.2d 36.

"b. If the licensees are adults, the fact that the condition is obvious is usually sufficient to apprise them, as fully as the possessor, of the full extent of the risk involved in it.

"On the other hand, the possessor should realize that the fact that a dangerous condition is open to the perception of child licensees may not be enough to entitle him to assume that they will appreciate the full extent of the risk involved therein." § 342, Restatement of Torts, 2d, p. 210.

■ We believe that it is the duty of the occupier of land adequately to warn a child against a peril which the occupier may not reasonably assume the child fully appreciates and which, because of this lack of appreciation, may constitute a hidden peril to the child. What constitutes an adequate warning is dependent upon what a reasonable prudent man would do in like circumstances considering the capacity of the child to appreciate the full extent of the risk involved. Ordinarily, this is a question of fact for the jury once a hidden peril has been proven. Of course, it is possible for the jury to conclude, as to a child under the facts of a particular case, that a glass door is not such a hidden peril that any warning at all is required.

The number of reported cases dealing with persons who have been injured on glass doors is growing rapidly. We have examined over forty, many of which have been reported since the briefs were filed in this case. Of these, there are only two wherein the plaintiff was a minor, the glass door was in a home, and the suit was against the occupier of the premises. These two cases arrived at diametrically opposed results. We are not wholly satisfied with either.

■ In Bua v. Fernandez, 15 N.Y.2d 664, 255 N.Y.S.2d 877, 204 N.E.2d 207, the New York Court of Appeals, with three judges dissenting, reversed a judgment in favor of a nine-year-old social guest, affirmed by the Appellate Division, 21 A.D.2d 887, 251 N.Y.S.2d 773, with two judges dissenting, for the reason that, under the circumstances, the glass door did not constitute a trap of which the infant was unaware and hence the owner did not have any duty to give her special notice or warning. The Bua decision is consistent with the prevailing rule that the social guest is to be placed on the same footing as a member of the owner's family. But we are inclined to the view that where reasonable men may differ as to the possibility that the child may not have "appreciated the full extent of the risk involved", there is presented a jury question as to whether in the exercise of ordinary care the owner's duty was fulfilled without a "special notice or warning."

In Kemline v. Simonds, 41 Cal.Rptr. 653, 231 Cal.App.2d 165, the California District

318

Court of Appeals, while acknowledging that the child's status was a licensee, applied § 339 of the Restatement of the Law of Torts. Section 339 deals with trespassers, while § 342 deals with licensees. But irrespective, the rule applicable to social guests in this jurisdiction was clearly enunciated in Sanders v. Brown, supra, and we see no reason at the present time to recede from the pronouncements contained there. In passing, it may be said that we do not understand that this is a case of active negligence and, therefore, do not pass upon whether that principle has application here. See e. g., Parker's Hamburger No. One v. Fitzgerald, 88 Ariz. 276, 356 P.2d 25, and Mull v. Roosevelt Irrigation District, 77 Ariz. 344, 272 P.2d 342.

Since we are reversing this cause for further proceedings, we deem it advisable to restate our conclusions. As to a social guest, an occupier of premises owes no duty other than to refrain from knowingly exposing him to a hidden peril or wilfully or wantonly causing him harm; that what constitutes a hidden peril will, in borderline cases, be a question of fact for the jury; that as to hidden perils, it is the duty of the occupier to adequately warn the social guest of those with which he may come in contact; and that whether this duty has been fulfilled is to be tested by the standard by which negligence is to be determined—that is, by what a reasonable prudent man would do under like circumstances.

The appellant in this case has alleged a trap, which we think is a sufficient allegation of a hidden peril, and that Cindy Shannon was without warning thereof. Appellant has plainly stated a claim for relief which, if sustained by the evidence, would entitle her to the submission of her case to a jury.

For the foregoing reasons the judgment of the court below is reversed with directions to reinstate the complaint as against appellee Don Larsen and affirmed as to the Butler Homes, Inc.

Judgment affirmed in part and reversed in part.

BERNSTEIN, C. J., McFARLAND, V. C. J., and UDALL and LOCKWOOD, JJ., concur.