504 P.2d 1284

**Peter ROBLES, a minor, by his father, N. L. Robles, Guardian ad Litem, Appellant,**

**v.**

**H. J. SEVERYN and Martha Severyn, husband and wife, Appellees.**

**No. 2 CA–CIV 1202.**

Court of Appeals of Arizona, Division 2.

Jan. 12, 1973.

As Corrected on Denial of Rehearing Jan. 30, 1973.

Review Denied March 6, 1973.

Paul G. Rees, Jr. and Richard M. Davis, Tucson, for appellant.

Estes & Zlaket by Thomas A. Zlaket, Tucson, for appellees.

HATHAWAY, Chief Judge.

This action was brought by N. L. Robles as guardian *ad litem* of Peter Robles, a minor, to recover for injuries Peter suffered as a result of a "sharp palm frond penetrating his left eye" while he was playing on defendants-appellees' property as an "invited guest." The complaint alleged that the palm trees "had a misleading hidden and dangerous defect to a child of tender years, which danger defendants had specific knowledge of," and that it "constituted a hidden trap to children playing in the area." Defendants successfully moved for summary judgment and plaintiff appeals from the judgment entered thereon.

The facts, insofar as they were developed prior to judgment, are principally contained in the depositions of the parents of the minor child, Peter, and in the defendants' answers to plaintiff's interrogatories. Viewed in a light most favorable to plaintiff, the party opposing the summary judgment, they are as follows.

The Robles had lived in the neighborhood for about one year prior to the day of the accident, February 16, 1966. After lunch on that day, Peter, age 3½, asked and was granted his mother's permission to go over and play with the Severyns' 4 year old son. According to Mrs. Robles, Peter, as well as all the other children in the neighborhood, frequently played in other people's yards. The Robles and the Severyns lived on a cul-de-sac on the same side of the street separated by the house and lot of a neighbor.

While the two boys were playing in the Severyns' front yard, Mrs. Severyn, who was also in the front yard, heard Peter cry and complain that his eye hurt. Although the accident was not directly witnessed by Mrs. Severyn, she noted that Peter "was playing among the trees." Most of these trees, which are palms, are located in a row alongside a fence at the border of defendants' property alongside the cul-de-sac. They were described as having "a short squatty trunk, looking almost like a pineapple" with "narrow and long" fan leaves. The condition of the trees as to intensity of branching at the time of the accident is not altogether clear.

It appears that Mr. Severyn trimmed the trees within two weeks after the accident. A tether ball was located in the front yard, although it was not in the general area of the trees in question.

The single question to be determined on appeal is whether the trial court erred in granting defendants' motion for summary judgment.

Much of plaintiff's brief is devoted to urging this court to abolish the common law distinctions between invitees, licensees, and trespassers in determining a landowner's liability for injuries to those coming upon his premises. These classifications have been successfully challenged in some jurisdictions which have adopted a reason-

able care standard regardless of the plaintiff's status.

The leading case adopting this view is Rowland v. Christian, 69 Cal.2d 108, 70 Cal.Rptr. 97, 443 P.2d 561 (1968). *See also,* Kermarec v. Compagnie Generale Transatlantique, 358 U.S. 625, 79 S.Ct. 406, 3 L.Ed.2d 550 (1959) (classifications do not apply to maritime law); Smith v. Arbaugh, 469 F.2d 97 (D.C.Cir.1972); Mile High Fence Co. v. Radovich, 489 P.2d 308 (Colo.1971); Pickard v. City & County of Honolulu, 51 Haw. 134, 452 P.2d 445 (1969); Rosenau v. City of Estherville, 199 N.W.2d 125 (Iowa 1972); Louisville Trust Co. v. Nutting, 437 S.W.2d 484 (Ky.1969); Peterson v. Balach, 199 N.W. 2d 639 (Minn.1972), dismissed but not followed in Sideman v. Guttman, 38 A.D.2d 420, 330 N.Y.S.2d 263 (1972); Annot., 32 A.L.R.3d 496 (1970); Annot., 26 A.L.R.3d 317 § 3a; for courts rejecting this see Werth v. Ashley Realty Co., 199 N.W.2d 899 (N.D.1972); Astleford v. Milner Enterprises, Inc., 233 So.2d 524 (Miss.1970); Di Gildo v. Caponi, 18 Ohio St.2d 125, 247 N.E.2d 732 (1969); Buchholz v. Steitz, 463 S.W.2d 451 (Tex.Civ.App.1971).

We need not concern ourselves with the *Rowland* rationale because we are committed to the rule set forth by our Supreme Court in Shannon v. Butler Homes, Inc., 102 Ariz. 312, 428 P.2d 990 (1967), i. e., that a landowner's duty to a person on his property is determined by the person's status. Whether prior decisions of the highest court of the state are to be disaffirmed is a question for that court. State v. Wright, 103 Ariz. 193, 438 P.2d 759 (1968). Therefore we consider this case from the standpoint of Peter Robles' status.

Fairly interpreted, the facts developed at the motion for summary judgment would establish his status as a social guest. In this jurisdiction a social guest is not an invitee but merely a licensee despite the fact that he is on the premises pursuant to an invitation from one in possession. Shannon v. Butler, supra; Restatement 2d Torts § 330 Comment h3. The general rule is that one who goes upon another's property as a gratuitous licensee must take it in the condition he finds it and must assume all risks incidental to such condition. Mull v. Roosevelt Irr. Dist., 77 Ariz. 344, 272 P.2d 342 (1954). This rule applies to child licensees as well as adults, Mull v. Roosevelt Irr. Dist., supra, and to natural as well as artificial conditions. Restatement 2d Torts § 342, Reporter's Note e. As stated in Sanders v. Brown, 73 Ariz. 116, 238 P.2d 941 (1951):

" . . . The rule seems to be settled on this point that the owners of the premises owe no duty to the guest other than to refrain from knowingly letting him run upon a hidden peril or wantonly or wilfully causing him harm. . . . However, the rule is that a host who knows of a concealed danger upon the premises is guilty of negligence if he permits the guest, unwarned of the peril, to come in contact therewith, and he may be held liable to the guest for an injury thus sustained." (Citations omitted) 238 P.2d at 944–945.

There being no claim of wanton or wilful negligence, we must determine whether the hazard was such that it was accepted by the licensee for the gratuitous privileges extended or whether the "hidden peril" doctrine applies. This doctrine applies when:

" . . . an act or omission of the defendant . . . gives a dangerous instrumentality or condition an innocent appearance to the unwary licensee. * * * Failure to provide protection against injury from its existence must be the equivalent of a willful and wanton act." 272 P.2d at 344.

In the case *sub judice,* the trees were neither hidden nor did they have a deceptive quality. The accident occurred during daylight hours and the trees were clearly visible. Peter previously had been cautioned by his father "to be careful in [his] playing." Even if we are to assume that the defendants were negligent in fail-

ing to trim the branches, this failure did not give the trees a deceptive or innocent appearance. If a dangerous condition existed, it was an obvious one and therefore the defendants had no duty to warn. Mull v. Roosevelt, supra. Plaintiff stresses Peter's age, arguing that a 3½ year old child could not have realized that these trees were dangerous. It is true that a peril, though not "hidden" to the adult mind, may be so unappreciated by a child of 3½ years that it may constitute a hidden peril to the child. Shannon v. Butler Homes, Inc, supra; Restatement 2d Torts § 342c. We do not believe, however, that all circumstances giving rise to a possible danger to a child create a factual question as to whether a "hidden danger" exists. One would have to "childproof" his property if such were the case.

In the often-quoted case of Kayser v. Lindell, 73 Minn. 123, 75 N.W. 1038 (1898), a 3½ year old child, while playing in the neighbor's yard as was his habit, fell from a wall and injured himself. In reversing a jury verdict for the plaintiff, the court stated:

"It is true that, if the owner of premises keeps upon them a concealed trap, and a person coming upon the premises by invitation is injured thereby, he may recover. But there was no mantrap in this case. The wall was plain to be seen. The child knew it was there, and fell off of it in the daytime. While the owner of premises may owe more duty to a child than to an adult coming upon his premises by implied invitation, yet he is not bound to guard every stairway, cellarway, retaining wall, shed, tree, and open window on his premises, so that such a child cannot climb to a precipitous place and fall off. The order appealed from is reversed, and a new trial granted." 75 N.W. at 1039.

See also, Sanders v. Alpiner, 20 A.D.2d 580, 246 N.Y.S.2d 169 (1963), where a 2½ year old fell down a plainly visible stairway. Fauci v. Milano, 15 A.D.2d 939, 225 N.Y.S.2d 888 (child of tender years fell over knee-high patio wall).

In Herndon v. Paschal, 410 P.2d 549 (Okl.1966), a neighbor's dog barked causing an 8 year old invitee to become excited, run and strike a tree thereby injuring her eye. The court sustained granting the defendant's demurrer on the theory that the defendant could not have foreseen the injury to the child, noting:

"It is a well known fact that small children run, stumble and fall while playing in the yards of their own homes. If the owner of residence property maintains the premises free from snares and pitfalls, he is not liable for injuries sustained by invited children while running on the premises and striking objects or trees." 410 P.2d at 552.

The reason for denying liability is well-summarized in 38 Am.Jur. Negligence § 147 at 813:

"While the care to be taken by the owner or occupant must be commensurate with the danger to, and with the immaturity and inexperience of, the child to be protected, any requirement in this respect must not be so onerous as to make the ownership or possession of property burdensome instead of profitable or enjoyable. The use of property, to which an owner is entitled, should not be encumbered with the necessity of taking precautions against every conceivable danger to which an irrepressible spirit of adventure may lead a child. There is no duty to take precautions where to do so would be impracticable, unreasonable, or intolerable."

(This quote is from a discussion of "attractive nuisance" law but would appear equally applicable here.)

■ The plaintiff further argues that the "attractive nuisance" doctrine, Restatement 2d Torts § 339 is applicable to this case. Defendants, citing Shannon v. Butler, supra, argue that the "attractive nuisance" doctrine applies only to trespassing children. While we believe § 339 inapplicable, we do not agree with the reason advanced by defendants. The degree of protection owed to children under the Restate-

ment 2d Torts § 339 (see comment Clause (b) section i) and to licensees under Restatement of Torts § 342 is couched in different language, but in reality the duty owed to a child licensee is the same. Restatement of Torts § 343B comment b; *see also*, State v. Juengel, 15 Ariz.App. 495, 489 P.2d 869 (1971). Thus there is no duty imposed under Restatement § 339.

Since the defendants were not required to warn the child under the circumstances of this case, appellate consideration of plaintiff's other contentions are unnecessary.

The judgment is affirmed.

HOWARD, J., and J. RICHARD HANNAH, Superior Court Judge, concur.

NOTE: Judge HERBERT F. KRUCKER having requested that he be relieved from consideration of this matter, Judge J. RICHARD HANNAH was called to sit in his stead and participate in the determination of this decision.