RUSSELL GRUENEMEIER, A MINOR, BY AND THROUGH VICTORIA
GRUENEMEIER, MOTHER AND NEXT FRIEND, APPELLANT, V.
SEVEN-UP COMPANY ET AL., APPELLEES.

426 N.W.2d 510

Filed July 22, 1988.    No. 87-043.

Dennis P. Crawford, of Friedman Law Offices, for
appellant.

Kathleen A. Jaudzemis, of Cline, Williams, Wright,
Johnson & Oldfather, for appellees.

BOSLAUGH, CAPORALE, and GRANT, JJ., and BUCKLEY, D.J.,
and COLWELL, D.J., Retired.

BOSLAUGH, J.

The plaintiff, Russell Gruenemeier, commenced this action
through his mother and next friend to recover damages for the
injuries he sustained on May 6, 1983.

The amended petition alleged that the defendants, as part of
a marketing scheme, had placed two glass bottles of Like cola
on the front entrance of the plaintiff's residence. The plaintiff,
who was then 9 years of age, began playing while holding one of
the bottles. The plaintiff tripped and fell, and the bottle broke
and severely cut the plaintiff's right eye, causing the plaintiff to
lose his eye.

The amended petition further alleged that the proximate
cause of injury to the plaintiff was the negligence of the
defendants in (1) placing potentially dangerous
instrumentalities, glass bottles, within the reach of small
children and (2) failing to utilize unbreakable containers as a

part of the defendants' marketing scheme.

The defendants filed a general demurrer to the amended petition, which was sustained. The plaintiff elected not to plead further, and the amended petition was dismissed. The plaintiff has now appealed to this court.

The issue is whether the plaintiff pleaded facts sufficient to constitute a cause of action against the defendants. We have said that the phrase "facts sufficient to constitute a cause of action" means " 'a narrative of the events, acts, and things done or omitted which show a legal liability of the defendant to the plaintiff.' " *Schuyler State Bank v. Cech,* 228 Neb. 588, 593, 423 N.W.2d 464, 468 (1988), citing *Johnson v. Ruhl,* 162 Neb. 330, 75 N.W.2d 717 (1956).

In *Tiede v. Loup Power Dist.,* 226 Neb. 295, 299, 411 N.W.2d 312, 316 (1987), we stated that "[f]or actionable negligence to exist, there must be a legal duty on the part of the defendant to protect the plaintiff from injury, a failure to discharge that duty, and damage proximately resulting from such undischarged duty. *Holden v. Urban,* 224 Neb. 472, 398 N.W.2d 699 (1987)." Furthermore, we have defined "duty" as "an obligation, to which the law will give recognition and effect, to conform to a particular standard of conduct toward another." *Tiede v. Loup Power Dist., supra* at 300, 411 N.W.2d at 316.

This case turns on the allegation that a glass bottle is such a potentially dangerous instrumentality that it was negligent for the defendants to place glass bottles of Like cola on the front entrance of the plaintiff's residence within the reach of small children.

In *Venezia v. Miller Brewing Co.,* 626 F.2d 188 (1st Cir. 1980), the plaintiff was an 8-year-old child who had found a discarded glass beer bottle manufactured by the defendant. The plaintiff proceeded to throw the bottle against a telephone pole, where it shattered and caused eye injuries to the plaintiff. The plaintiff contended that the defendants should have been aware of the dangers inherent in bottles and, thus, should have marketed a product which would withstand such foreseeable misuse as breakage in the course of improper handling by children. The district court found, and the appeals court

affirmed, that " 'the defendant could [not] be negligent in any respect, nor, realistically, liable under any theory of warranty on the facts alleged. . . .' " *Id.* at 189. The appeals court went on to state the following:

> "The propensity of glass to break under pressure is common knowledge" . . . . No reasonable consumer would expect anything but that a glass beer bottle, apparently well suited for its immediate intended use, would fail to safely withstand the type of purposeful abuse involved here. In fact, one would suspect that the present eight year old plaintiff knew well the expected result, if not the potential injury, of his conduct. What, if not the possibility of shattering the bottle, would lead him to throw it against the pole in the first place? . . . ("It must be assumed . . . that children at play sometimes throw available objects for various reasons. But almost every object placed in schoolhouses and play yards for school purposes may conceivably inflict serious and regrettable injury when thrown.")
>
> The same considerations which lead us to conclude that the district court properly dismissed the plaintiff's warranty claim indicate that the claims grounded in negligence are likewise fatally deficient. "By and large, the standard of safety of goods is the same under the warranty theory as under the negligence theory. In both actions the plaintiff must show . . . that the goods were unreasonably dangerous . . . for the purpose to which they would ordinarily be put. . . ." . . .
>
> . . . We see no evidence that the Massachusetts courts have abandoned their previously expressed view that "a common or straightforward product, if safe for normal uses reasonably to be anticipated at the time of manufacture, is not defective [i.e., unfit for its intended use] simply because it is foreseeable that it may cause injury to someone using it improperly."

(Citations omitted.) *Id.* at 190-91.

In *Shannon v. Butler Homes, Inc.*, 102 Ariz. 312, 428 P.2d 990 (1967), the 9-year-old plaintiff instituted a negligence suit for injuries she suffered after colliding with a plate glass door

while a guest in another's home. The plaintiff's suit named both the homeowner and the installer of the door as defendants. The court, in affirming the lower court's dismissal of the complaint as against the installer, wrote:

> It is our opinion that glass doors are like other common objects or conditions in and about a home. They are not so inherently or imminently dangerous to third persons that they can be said to be embraced within the exceptions to the rule.
>
> "We do not think negligence ought to be found merely because the door was made of one large piece of glass. * * * A door of this kind is to be classed with other forms of construction such as various types, whether new or old, of doors, floors, stairs, and ramps, not out of repair, upon which it is possible for an invitee to receive injury, but which are not of such a character that danger is reasonably to be anticipated from them to persons exercising ordinary care." [Citation omitted.]

*Id.* at 315, 428 P.2d at 993.

*Killeen v. Harmon Grain Products, Inc.*, 11 Mass. App. 20, 413 N.E.2d 767 (1980), involved a products liability action against the manufacturer and seller of cinnamon-flavored toothpicks. The plaintiff, a 10-year-old, fell face down while holding one of the toothpicks in her mouth and sustained facial injuries. The court there wrote:

> We similarly reject any contention that such unreasonable danger inheres in toothpicks—flavored or otherwise—that the manufacturer or distributor is subjected to strict liability. . . . Toothpicks, like pencils, pins, needles, knives, razor blades, nails, tools of most kinds, bottles and other objects made of *glass*, present obvious dangers to users, but they are not unreasonably dangerous, in part because the very obviousness of the danger puts the user on notice. It is part of normal upbringing that one learns in childhood to cope with the dangers posed by such useful everyday items. It is foreseeable that some will be careless in using such items and will be injured, but the policy of our law in such cases is not to shift the loss from the careless user to a blameless

manufacturer or supplier. . . . Rather, liability of the manufacturer or supplier must be grounded in negligence, in a want of the care which a reasonable person should exercise in the circumstances.

(Citations omitted.) (Emphasis supplied.) 413 N.E.2d at 770.

Glass bottles are commonly found in all households, where they are used as containers for a variety of products, including food and beverages. As a matter of law, they are not so inherently or potentially dangerous that a manufacturer could be found to be negligent for marketing its product in glass bottles. As stated by the court in *Venezia v. Miller Brewing Co.*, 626 F.2d 188 (1st Cir. 1980), a common or straightforward product, if safe for normal uses reasonably to be anticipated at the time of manufacture, is not unreasonably dangerous because it may cause injury when used improperly.

The judgment of the district court is affirmed.

AFFIRMED.