Per Curiam.

By leasing a specific room in the premises to defendants, doing business as H. B. H. Metered Machine Co., to conduct an automatic washing machine business, the landlord surrendered the right of occupancy of the demised premises to the tenants arid reserved no control over the instruments used by those tenants in their business.
The lease, in terms, gave the lessees “ exclusive use of the aforementioned room ’ ’ except for access to utility meters. Title to *889 the washing machines remained with the lessees who could remove them “ at the expiration of this lease ”.
The provisions of section 78 of the Multiple Dwelling Law did not impose a statutory duty on the landlord to keep in repair the tenants’ washing machines, used in the tenants’ business in the leased premises. The reservation of access to utility meters gave no control to the landlord over washing machines owned by the tenants.
The submission to the jury of liability of the landlord solely on the basis of the statutory provisions was not justified by the record and there was due exception taken by the landlord.
It has been held uniformly that control is the test which measures generally the responsibility in tort of the owner of real property (Roark v. Hunting, 24 N Y 2d 470; Kurek v. Port Chester Housing Auth., 18 N Y 2d 450; De Clara v. Barber S. S. Lines, 309 N. Y. 620; cf. Cullings v. Goetz, 256 N. Y. 287; Fleming v. Oppel, 254 App. Div. 740).
There is proof, however, from which a jury might determine that the landlord, by a long course of conduct of his employees in reporting malfunctions of the machines to the repair service and the owner, so intervened in the operation of the business as to give rise to a reliance by residential tenants in the building on reports of malfunction being made by the landlord. Hence a liability might result if reports were not made and this played an effective part in the occurrence of the accident.
Although this , theory was discussed by the Trial Judge in another context (liability over), it was not submitted to the jury whose finding against' the landlord under the court’s charge could only have been based on violation of a statutory duty. Thus there should be a new trial in the action against Mrs. Goldberg, the executrix of the landlord.
The trial court and the Appellate Division properly dismissed the landlord’s third-party complaints against defendants H. B. H. Metered Machine Co., the lessee, and Washing Machine Clinic, the repair service, on the ground that the negligence of the landlord, if found, would be active negligence for which liability over would not be permissible.
Although the appeals of H. B. H. Metered Machine Co. and Washing Machine Clinic have been argued, the court has not acquired jurisdiction under CPLR 5601 (subd. [a], par. [i]), effective September 2, 1969.
*890 The dissent in the Appellate Division (order, October 30, 1969) was only as to appellant Goldberg and not as to other defendants. The kind of dissent which gives rise to jurisdiction by this court is one “ in favor of the party taking the appeal ” (CPLR 5601, subd. [a], par. [i]).
The prior motion by plantiffs to dismiss those appeals, which was denied (26 N Y 2d 966), was limited to the timeliness of the appeals. These appeals should be dismissed for absence of jurisdiction.
On appellant Goldberg’s appeal, the judgment should be modified by reversing so much thereof as is in favor of plaintiffs against said appellant and granting a new trial, with costs to abide the event, and, as so modified, affirmed.
The appeals by H. B. H. Metered Machine Co. and Washing Machine Clinic should be dismissed, without costs.
Chief Judge Fuld and Judges Burke, Scileppi, Bergan, Brietel, Jasen and Gibson concur in Per Curiam opinion.
Judgment accordingly.