◼ James Kearse, Appellant, v Food Fair Stores, Inc., Doing Business as Pantry Pride, Defendant and Third-Party Plaintiff-Respondent. Coca Cola Company, Inc., Third-Party Defendant and Fourth-Party Plaintiff-Respondent; Pasqual Femiano, Doing Business as Channel Distributor, Inc., Fourth-Party Defendant. — In an action to recover damages for personal injuries, plaintiff appeals from a judgment of the Supreme Court, Queens County (Linakis, J.), entered May 14, 1982, which, upon a jury verdict, *inter alia,* was in favor of defendant Food Fair Stores on the issue of liability.

Judgment reversed, as a matter of discretion, without costs or disbursements, and new trial granted as to all issues.

This is an action to recover damages for personal injuries suffered by plaintiff as a result of an exploding soda bottle. The facts are not complicated. The plaintiff, James Kearse, was assisting his mother and sister with grocery shopping at one of defendant Food Fair Stores, Inc.'s supermarkets. He was injured when a bottle of Coca Cola which they were purchasing exploded at the checkout counter. Plaintiff brought this action against Food Fair, alleging causes of action in negligence and implied warranty. Food Fair, in turn, impleaded the third-party defendant Coca Cola Company, Inc. A fourth-party action by Coca Cola against Channel Distributor, Inc., was discontinued and is not at issue on this appeal.

At the conclusion of the trial the jury returned a verdict as follows:

"THE CLERK: How do you find as to the negligence question?

"THE FOREMAN: We, the jury, do not find that there was negligence by the defendants approximately [*sic*] causing the accident.

"THE CLERK: And as to the breach of the implied warranty, how do you find?

"THE FOREMAN: We, the jury, find for the plaintiff that the defendant, Coca Cola Company was guilty of breach of implied warranty and said breach was the proximate cause of the accident.

"THE CLERK: As to the breach of the warranty, what is the percentage you find?

"THE FOREMAN: Zero percent Food Fair Stores; one hundred percent Coca Cola Company."

We now reverse, in the interest of justice, and grant a new trial. In our view, the instructions to the jury were so fundamentally erroneous and confusing that, notwithstanding the failure to object thereto, a new trial is mandated (see *Rivera v Bronx-Lebanon Hosp. Center,* 70 AD2d 794; 4 Weinstein-Korn-Miller, NY Civ Prac, par 4017.09).

A crucial aspect of this case was the fact that plaintiff brought his action only against the retailer, Food Fair, and that Coca Cola's only role in the case was as a third-party defendant on Food Fair's claim for indemnification. Yet, in issuing its instructions to the jury, the court continually referred to both Food Fair and Coca Cola as the "defendants", and, while the court made a slight passing reference to Food Fair's claim against Coca Cola, the charge as a whole failed to convey to the jury the legal distinctions between the defendant and the third-party defendant. This lack of clarity in the charge may very well have led to the jury having found "for the plaintiff" on a claim against Coca Cola in spite of the fact that plaintiff had commenced no action against Coca Cola. More significantly, however, the court specifically charged the jury that, in order to recover on either of the theories asserted in his complaint, plaintiff had to establish liability on the part of both Food Fair and Coca Cola. The court charged as follows: "I charge as a matter of law, that in order for the plaintiff to recover he has the burden of proving by a preponderance of the credible evidence that each of the defendants was negligent, and that this negligence was the proxinate [*sic*] cause of the accident, and if you find that the plaintiff has sustained both of these elements you must find for the plaintiff, provided, however, that you do not find that the plaintiff was guilty of contributory negligence as I have previous [*sic*] explained. Second, I also charge you as a matter of law, that the plaintiff in order to recover, has the burden of proving by a preponderance of the credible evidence both that the implied warranty was breached as to each defendant and two that the breach of the implied warranty was the proximate cause of the

accident. If you find by a preponderance of the credible evidence that the plaintiff has established both of these elements you must find for the plaintiff. If you find that the plaintiff has not sustained his burden, then you must find for the defendant and then that is the end of the plaintiff".

Thus, the jury was instructed, in essence, that in order to recover on his claim of negligence as to Food Fair, plaintiff had the burden of establishing negligence on the part of Coca Cola as well. We cannot say that the jury's finding "as to the negligence question" that "We, the jury, do not find that there was negligence by the defendants approximately [*sic*] causing the accident" was not prejudicially affected by the erroneous charge. The jury may very well have been under the impression that in order to find for plaintiff on his negligence cause of action it was required to find negligence by *both* Food Fair and Coca Cola. These errors in the charge were so fundamental and the confusion so substantial that a new trial is required. Bracken, Brown and Rubin, JJ., concur.

Titone, J. P., dissents and votes to affirm the judgment, with the following memorandum: In this action to recover damages for personal injuries sustained as a result of an exploding soft drink bottle, the jury expressly found no negligence on anyone's part but, on the breach of warranty claim, found liability only with respect to a third-party defendant, and, therefore, the complaint was dismissed. Although the charge, to which no exception was taken, contained some inaccuracies, as shall be explained, they were not prejudicial as a matter of law. Accordingly, while it is unfortunate that the plaintiff's injuries will go uncompensated, I perceive no basis to direct a new trial in the exercise of our interest of justice powers (see *Department of Social Servs. v Trustum C. D.,* 97 AD2d 831) and cast my vote for affirmance.

The salient facts are straightforward. On July 18, 1973, plaintiff was shopping with his mother and sister at a Food Fair supermarket. The mother brought her groceries, including a bottle of Coca Cola, to the checkout counter, and, while the cashier was placing the bottle of soda in a shopping bag, it burst and injured the plaintiff.

The complaint sets forth two causes of action against Food Fair, the only defendant. The first sounds in negligence, the second, breach of implied warranty. Food Fair impleaded the bottler, Coca Cola, for indemnification, who, in turn, impleaded the manufacturer for indemnification. The fourth-party action was discontinued.

At trial, the court instructed the jury as to each of the elements of the two causes of action, as well as to the apportion-

ment of liability between Food Fair and Coca Cola. Unfortunately, the charge characterized both as "defendants". No objection was registered by plaintiff's counsel. The jury expressly found no negligence by either Food Fair or Coca Cola, and, as to breach of warranty, found no liability by Food Fair, but "one hundred percent" against Coca Cola Company.

The trial court gave plaintiff's counsel every opportunity to submit authority for resubmission of the case to the jury. Counsel, however "want[ed] to go home". Nonetheless, based upon conversations with "expert lawyers", counsel returned in the afternoon, but still offered no tenable theory for overturning the verdict. Because Coca Cola was not a primary defendant, the complaint was dismissed and plaintiff recovered nothing.

The majority holds that the trial court's characterizations of both Food Fair and Coca Cola as "defendants" constitutes such a fundamental error that reversal in the interest of justice is warranted. I disagree.

First, it is self-evident that the purported confusion could have no effect on the verdict with respect to negligence. As indicated, the jury found no negligence on the part of either "defendant" and, inasmuch as this issue presented a plain question of fact, that verdict is impervious to attack in this court.

Nor do I perceive how the error could infect the breach of warranty verdict. Whatever may be the rule elsewhere (see Prosser, Torts [4th ed], § 95, p 637), it appears that in New York no cause of action for breach of implied warranty lies where plaintiff is not in privity with defendant, at least in actions, such as here, where the pre-1975 version of the Uniform Commercial Code governs (*Martin v Dierck Equip. Co.,* 43 NY2d 583; Siegel, NY Prac, § 41, 1981-1982 Supp, p 10). Only negligence and strict liability in tort, a cause of action not asserted here, are available (*Martin v Dierck Equip. Co., supra*).

In any event, in *Day v Grand Union Co.* (280 App Div 253, 254, affd 304 NY 821), then Justice Bergan explained that no breach of warranty of fitness may be implied in situations like that before us "because there was no consummated contract of sale. Plaintiff had not yet purchased the [soda] and the store had not sold it" (but see *Sanchez-Lopez v Fedco Food Corp.,* 27 Misc 2d 131). While it is possible that this decision will be reconsidered when the issue again reaches the Court of Appeals (see 1 NY PJI 2d, 1983 Supp, p 137), I find *Day* to be a controlling precedent until that court does so.

In *Department of Social Servs. v Trustum C. D. (supra),* we held that our interest of justice powers should be exercised only to correct fundamental error, not simply to give an unsuccessful

litigant a second turn at bat. Plaintiff here lost fair and square and the direction of a new trial, it seems to me, operates as an injustice to the defendant.

The judgment should be affirmed.