■ MARIA CHERUBINI, Appellant, v FRANCES TESTA, Respondent.—Judgment of the Supreme Court, Bronx County (Jack

Turret, J.), entered May 22, 1986, which, after a jury trial, found in favor of the defendant Frances Testa and dismissed the complaint in this personal injury action, is unanimously reversed, on the law, and the matter remanded for a new trial, without costs.

On September 1, 1982, plaintiff Maria Cherubini entered into an oral lease to rent the top two floors of a two-family dwelling located at 2544 Lurting Avenue in Bronx County, where she thereafter lived with her two children and fiancé, Frederick Antonacchio. The owner, defendant Frances Testa, resided in the basement apartment of the building with her son, Nick Testa. The only access to plaintiff's apartment was from an exterior cement stairway which led to a small landing by the front door over which hung an aluminum awning. Defendant's apartment had a separate entrance on the side of the building.

Plaintiff and her fiancé testified that when rain fell, it would splash off the awning and accumulate to a depth of one-fourth inch on the inwardly sloped second step from the top of the stairway. Plaintiff's fiancé testified that he brought this condition to the defendant's attention approximately one month before plaintiff's accident on December 14, 1982.

On the weekend before the accident, there had been snowfall in New York City which had accumulated some 3 to 4 inches. Defendant's son had shoveled the snow off the stairs Sunday evening but did not remove the snow from the awning. Over the next few days, snow melted off the top of the awning and dripped onto the steps. On Tuesday, December 14, plaintiff was taking out a bag of garbage when she slipped and fell on the second step and fractured her ankle. Only then did plaintiff and her fiancé notice that there was ice on the second step in the spot where plaintiff slipped.

Plaintiff testified that part of her oral lease agreement, which she said was entered into in the presence of defendant and her son, was that she would be responsible for maintaining her living quarters, but not the entranceway to her apartment. Plaintiff further maintained that she was instructed not to allow her children to sit on the outside steps and that use of the steps by the plaintiff and her family would be limited to ingress and egress. Plaintiff added that defendant's son maintained the property, including mowing the lawn, sweeping the front steps and shoveling snow. Defendant's daughter testified that it was, in fact, she who was present when the lease agreement was made. Further, she

testified that plaintiff agreed to maintain the stairway and the landing area.

On the issue of the landlord's duty to the plaintiff with respect to the stairway, the court's instruction to the jury assumed that defendant landlord had relinquished control of the stairway and could only be liable to the plaintiff if her injuries resulted from a dangerous condition on the steps which was known to the landlord and existed when the tenant took possession, but was not known or reasonably discoverable by the tenant. Plaintiff strenuously objected to this charge, arguing that the overriding issue at trial was whether the defendant landlord had retained control and agreed to maintain the condition of the stairway, thus, making her liable for injuries resulting from a failure to properly maintain the steps.

When a landlord retains control over a portion of the premises, he or she is liable for injuries resulting from the faulty condition of those premises. *(Worth Distribs. v Latham,* 59 NY2d 231, 238.) Control of the premises may be established by proof of the landlord's promise, either written or otherwise, to keep certain premises in repair *(Putnam v Stout,* 38 NY2d 607, 617-618), or by a course of conduct demonstrating that the landlord has assumed responsibility to maintain a particular portion of the premises. *(Ritto v Goldberg,* 27 NY2d 887, 889.)

There was evidence in this case that defendant landlord had covenanted orally to maintain the stairway, had established a course of conduct demonstrating an assumption of responsibility over this portion of the premises, by shoveling the snow from the steps, and had actual notice from plaintiff's fiancé that water often accumulated on the second step. While this testimony was disputed by defendant's daughter, it was certainly sufficient to require its submission to the jury as a question of fact. *(Loucks v Dolan,* 211 NY 237, 240.) However, by charging the jury as it did, the court determined that it was plaintiff tenant who had control over the premises and instructed the jury that defendant landlord could only be found liable under the very narrow exception to the rule that a landlord out of possession is not ordinarily liable for injuries resulting from the condition of demised premises. This exception, when the landlord is aware of a latent dangerous condition which is not known or reasonably discoverable by the tenant, was inapplicable herein, as it is undisputed that plaintiff was aware of the faulty condition of the step.

The court's charge, then, precluded the jury from perform-

ing its function of determining questions of fact, in this case the landlord's control over the premises, and from considering plaintiff's central theory of liability, that the landlord failed to fulfill her agreed-upon responsibility with respect to those premises. Plaintiff was, therefore, deprived of her right to a fair trial, and the judgment must be reversed and a new trial ordered. Concur—Sullivan, J. P., Carro, Ellerin, Wallach and Smith, JJ.