■ Thomas Gelardo, Jr., Appellant, v ASMA Realty Corp., Respondent.—In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Westchester County (Buell, J.), entered April 29, 1986, which, upon the motion of the defendant for judgment as a matter of law following the conclusion of the presentation of evidence by the plaintiff, dismissed the complaint for failure to make out a prima facie case.

Ordered that the judgment is affirmed, with costs.

The plaintiff was injured when a step collapsed while he was ascending an interior stairway in a tavern he managed. The tavern, owned and operated by Gaetano Gizzo (hereinafter the tenant), was located in a building owned by the defendant (hereinafter the landlord). The only entry to the stairway was through a trap door behind the bar on the first floor of the building. It led to the basement exclusively used by the tavern for storage.

A written lease was executed by the tenant and later assumed by the landlord when it purchased the building. The lease provided, *inter alia,* "2nd. That the Tenant shall take good care of the premises and shall, at the Tenant's own cost and expense make all repairs and decorations to the interior of these premises". Paragraph 6 of the lease reserved a right of reentry to the landlord for the purpose of examining and making such repairs or alterations as necessary for the safety and preservation of the premises. The landlord's president, Dr. Omar, testified that he agreed on behalf of the landlord to be responsible for structural repairs. The evidence reveals that

the tenant's relatives made all repairs to the interior of the premises, including replacing tile and linoleum. The evidence also demonstrates that the broken step was replaced at the plaintiff's behest and expense. Prior to the incident, the landlord made only one repair. That repair involved patching the roof, which was common to several tenants.

In *Ritto v Goldberg* (27 NY2d 887, 889), the Court of Appeals, in discussing the responsibilities of landlords stated: "It has been held uniformly that control is the test which measures generally the responsibility in tort of the owner of real property". Control of the premises may be established by proof of the landlord's promise, either written or otherwise, to keep certain premises in repair *(see, Putnam v Stout,* 38 NY2d 607), or by a course of conduct demonstrating that the landlord has assumed responsibility to maintain a particular portion of the premises *(Cherubini v Testa,* 130 AD2d 380).

The evidence in this case demonstrates that the tenant was in exclusive possession of that portion of the premises where the accident occurred. Moreover, the plaintiff failed to prove that the landlord had promised to keep the premises in repair. The agreement by the landlord's president to be responsible for structural repairs is insufficient to impose liability on the landlord for a defect of this nature. Significantly, the tenant had expressly covenanted in the lease to make all interior repairs.

Finally, we have held that a right of reentry reserved in the lease does not impose liability for any dangerous condition that subsequently arises *(Silver v Brodsky,* 112 AD2d 213). Consequently, the landlord's reservation of a right of reentry cannot be relied on by the plaintiff to establish control. Thompson, J. P., Brown, Lawrence and Weinstein, JJ., concur.