■ RICHARD GOMES et al., Plaintiffs, v REVERE SUGAR CORP., Defendant and Third-Party Plaintiff-Respondent. McROBERTS PROTECTIVE AGENCY, INC., Third-Party Defendant-Appellant.—

The third-party defendant McRoberts Protective Agency, Inc. (hereinafter McRoberts) employed the plaintiff Richard Gomes as a security guard. The defendant Revere Sugar Corp. (hereinafter Revere) hired McRoberts to provide security at its plant, and Gomes was assigned to this task. There was no written agreement between Revere and McRoberts.

On January 17, 1985, at approximately 3:15 A.M. while walking on Revere's premises, Richard Gomes fell and was injured. Mr. Gomes brought an action against Revere alleging that his fall was caused by an accumulation of ice and/or syrup leaking from machinery. Thereafter, Revere commenced a third-party action against McRoberts alleging three causes of action: (1) failure to provide a safe place to work as required by Labor Law § 200, (2) for contribution, and (3) for indemnification.

McRoberts moved for partial summary judgment dismissing the first and third causes of action. It submitted an affidavit of its president denying that the parties had entered into an indemnification agreement. McRoberts further argued that it could not be held liable pursuant to Labor Law § 200 because it did not have control of Revere's premises and was not responsible for cleaning.

In opposition to this motion, Revere submitted an affirmation of an attorney having no personal knowledge of the facts. Such an affirmation has no probative value and is insufficient to defeat a motion for summary judgment *(see, Fauci v Milano,* 15 AD2d 939, 940, *affd* 12 NY2d 926; *Kartiganer Assocs. v Town of New Windsor,* 132 AD2d 527, *lv denied* 70 NY2d

612). In any event, the attorney's affirmation did not contradict the essential factual allegation contained in McRoberts' motion.

The Supreme Court improperly denied McRoberts' motion for partial summary judgment. As to the first cause of action, McRoberts cannot be held liable under Labor Law § 200 because it lacked control over Revere's premises *(see, Russin v Picciano & Son,* 54 NY2d 311, 317-318; *Forbes v Alvord & Swift,* 44 AD2d 538). Although Gomes was an employee of McRoberts within the language of the statute, it is well established that: "[i]mplicit in the statutory imposition of the duty to provide a safe place to work is the prerequisite that the party charged with such responsibility have the concomitant authority and degree of control over the activity which produces the injury to enable it to take the action necessary to correct or avoid an unsafe condition" *(Reynolds v Brady & Co.,* 38 AD2d 746; *accord, Gluck v Pinkerton N. Y. Racing Sec. Serv.,* 96 AD2d 548).

Revere did not allege that McRoberts had control over the premises or any duty to inspect or clean the floors or machinery. Accordingly, there is no triable issue of fact, and this cause of action is dismissed.

The Supreme Court also erred in denying McRoberts' motion as to the third cause of action seeking indemnification. Revere admitted that there was no written indemnification agreement. Furthermore, Revere did not contradict McRoberts' assertion that there was also no oral indemnification agreement. Weinstein, J. P., Rubin, Spatt and Balletta, JJ., concur.