◼ RONNIE HECHT, Individually and as Administratrix of the Estate of MICHAEL HECHT, Deceased, Respondent, v VANDERBILT ASSOCIATES et al., Defendants and Third-Party Plaintiffs-Appellants, and CROWN LIFT TRUCKS, INC., Defendant and Third-Party Defendant-Appellant. COMMERCIAL FASTENERS CORP., Third-Party Defendant-Appellant.—In an action to recover damages for wrongful death and personal injuries suffered by the plaintiff's decedent prior to his death, (1) the defendant and third-party defendant Crown Lift Trucks, Inc., also known as Crown Controls Corporation, appeals from so much of an order of the Supreme Court, Suffolk County (McCarthy, J.), dated July 29, 1987, as denied its motion for

summary judgment dismissing the plaintiff's amended complaint insofar as it is asserted against the defendants and third-party plaintiffs and dismissing the third-party complaint as against it, (2) the defendants and third-party plaintiffs appeal from so much of an order of the same court, dated July 29, 1987, as denied their motion for summary judgment dismissing the amended complaint and cross claims as against them, and (3) the third-party defendant Commercial Fasteners Corp. has filed a notice of appeal from those orders.

Ordered that the appeals by the defendants and third-party plaintiffs and Commercial Fasteners Corp. are dismissed, without costs or disbursements for failure to perfect the same in accordance with the rules of this court (22 NYCRR 670.20 [f]); and it is further,

Ordered that the order is reversed insofar as appealed from by Crown Lift Trucks, Inc., its motion is granted, the amended complaint is dismissed as against the defendants Vanderbilt Associates, Rose, Gross, Manno and Wildoro Associates, and the third-party complaint is dismissed as against Crown Lift Trucks, Inc; and it is further,

Ordered that Crown Lift Trucks, Inc. is awarded one bill of costs, payable by the plaintiff.

On June 8, 1983, at approximately 11:45 A.M., the decedent Michael Hecht received serious injuries which resulted in his death when, while operating a forklift truck on the commercial premises known as 50 Oser Avenue, Hauppauge, New York, the forklift overturned on a ramp leading into and out of the building.

The defendants and third-party plaintiffs Vanderbilt Associates, a copartnership, and Howard Rose, Walter J. Gross, Thomas Manno and Wildoro Associates, its partners (hereinafter the landlords), were the owners and landlords of this premises. The defendant and third-party defendant Crown Lift Trucks, Inc., also known as Crown Controls Corporation (hereinafter the manufacturer), was the manufacturer and owner of the forklift upon which the decedent was riding at the time of his death.

The decedent was the president of Commercial Fasteners Corp. (a third-party defendant) at the time of his death. Commercial Fasteners Corp. had leased the subject premises from the defendant landlords on April 29, 1983, for a period of five years. Paragraph six of the lease assigned responsibility for repairs of the premises between the landlords and tenant as follows: The Landlord shall make all structural repairs to

the demised premises during the term of this lease with the exception of any structural repairs required as a result of the acts of negligence of the Tenant * * * 'Structural Repairs' are hereby defined as meaning repairs to the foundation, roof supports, perimeter walls and structural steel * * * The Tenant shall * * * maintain and repair sidewalks abutting the premises, driveways and repair * * * parking areas and buildings appurtenances. The Tenant shall * * * generally keep the premises, interior and exterior, in good repair, excluding only those repairs for which the Landlord shall be responsible".

In addition, the lease listed particular items of repair to be performed by the landlords on the premises. The only item pertinent to this appeal was the landlords' agreement to "seal driveway with one coat of asphalt sealer". Also, the landlords reserved the right to enter the premises at any time "for the purpose of inspecting the same, or of making repairs that Tenant may neglect or refuse to make".

The amended complaint alleged, in general terms, that the accident was caused by the landlords' negligence and that the manufacturer was liable for breach of warranty and in strict products liability. The bill of particulars averred that the construction and design of the ramp upon which the incident occurred was unsafe in that it was too steep. The plaintiff further contended, in general terms, that the ramp was improperly maintained and repaired. The complaint and bill of particulars were verified by an attorney.

The landlords moved for summary judgment dismissing the amended complaint and cross claims against them and the manufacturer separately moved for summary judgment dismissing the amended complaint as against the landlords and the third-party complaint as against it on the ground that the landlords owed no duty to the plaintiff or her decedent. The lease, the complaint and an affidavit of one of the landlords stating that the landlords had made no repairs to the premises since the commencement of the lease were appended to the motions. The Supreme Court determined that the movants had failed to establish their entitlement to summary judgment dismissing the amended complaint against the landlords and denied the motions. We disagree and reverse the order denying the motion of the manufacturer, the party which has perfected its appeal.

The proponent of a motion for summary judgment is required to make a prima facie showing of entitlement to

judgment as a matter of law, offering sufficient evidence to eliminate any material issues of fact. The failure to make such a showing requires the denial of the motion, regardless of the insufficiency of the opposing papers (see, *Winegrad v New York Univ. Med. Center,* 64 NY2d 851; *Raia Indus. v Young,* 124 AD2d 722; *Royal v Brooklyn Union Gas Co.,* 122 AD2d 132). Here, the movants, by appending copies of the lease to their respective motion papers, made the necessary prima facie showing.

Generally, a landlord's liability for injuries caused by defective or dangerous conditions upon the leased premises depends upon whether the landlord has retained sufficient control over the premises to be held to have had constructive notice of the condition (see, *Putnam v Stout,* 38 NY2d 607; *Ritto v Goldberg,* 27 NY2d 887). Control of the premises may be established by proof of the landlord's promise to keep the leased property in repair (see, *Putnam v Stout, supra).* Also, a landlord's reservation of the right to enter and repair may be deemed to constitute sufficient retention of control and to provide the landlord with constructive notice of a defective condition, thereby subjecting the landlord to liability (see, *Pellegrino v Walker Theatre,* 127 AD2d 574, 575; *O'Neil v Port Auth.,* 111 AD2d 375, 377).

In this case, a review of the lease demonstrates that the manufacturer is entitled to summary judgment dismissing the amended complaint as against the landlords and the third-party complaint as against it, as a matter of law. The lease specifically provides that the tenant was responsible for repairs of the driveways, parking areas and building appurtenances. Moreover, the lease limited the repair obligation of the landlords to a specific list of "structural repairs" which did not include the ramp or driveway area (see, *Gelardo v ASMA Realty Corp.,* 137 AD2d 787). Furthermore, even assuming that the landlords did not fulfill their duty to seal the driveway by applying a coat of asphalt sealer, the result is no different. The plaintiff did not offer any proof that the absence of the sealer in any manner contributed to the accident.

In response to the motions for summary judgment, the plaintiff submitted only the affidavit of an attorney having no personal knowledge of the pertinent facts. Such an affidavit has no probative value and is insufficient to defeat a motion for summary judgment (see, *Fauci v Milano,* 15 AD2d 939, 940, *affd* 12 NY2d 926; *Gomes v Revere Sugar Corp.,* 140 AD2d 582; *Kartiganer Assocs. v Town of New Windsor,* 132 AD2d 527, *lv denied* 70 NY2d 612). In light of the prima facie

showing of entitlement to summary judgment, it was incumbent upon the plaintiff to offer evidentiary proof in admissible form sufficient to demonstrate the existence of a triable issue of fact (see, CPLR 3212 [b]; *Trials W. v Wolff,* 32 NY2d 207, 221; *Leonard Smith, Inc. v Merrill Lynch, Peirce, Fenner & Smith,* 129 AD2d 397, 399; *Babcock v Allan,* 115 AD 297). The plaintiff offered no proof, expert or otherwise, of either a dangerous incline of the ramp or any other dangerous defects or conditions.

Although the plaintiff argues on appeal that there is evidence of an expert finding that the ramp was defectively designed and constructed and that there may have been a rider to the lease, these items are dehors the record and may not properly be considered by this court (see, *Terner v Terner,* 44 AD2d 702; *Ro-Stan Equities v Schechter,* 44 AD2d 577).

We further find that the record does not support the determination of the Supreme Court that the plaintiff has not had a reasonable opportunity to complete discovery and that the plaintiff was denied the opportunity to adduce additional existing facts relevant to the summary judgment motions (see, CPLR 3212 [f]; *cf., Mack v Gregory Mem. Hosp.,* 90 AD2d 969; *Nordlicht v Norton Simon, Inc.,* 70 AD2d 511).

This action was commenced in September 1983 and issue was joined in November 1983. The manufacturer moved for summary judgment in April 1987. The record reveals that there were no outstanding discovery orders at the time of the motion. It was not until June 1987 that the plaintiff raised an objection to the sufficiency of the defendants' respective responses to a 1985 discovery order and cross-moved for further discovery. Under the circumstances of this case, the plaintiff was afforded ample opportunity to pursue discovery, and the assertion that discovery was not completed did not preclude the granting of summary judgment (see, *Guarino v Mohawk Containers Co.,* 59 NY2d 753, 754; *Witte v Incorporated Vil. of Port Washington N.,* 114 AD2d 359; *Pro Brokerage v Home Ins. Co.,* 99 AD2d 971, *appeal dismissed* 64 NY2d 646). Lawrence, J. P., Weinstein, Spatt and Balletta, JJ., concur.