■ CLEO KAMP, Appellant, v ARBERN REALTY Co., Respondent.—Order, Supreme Court, Bronx County (Barry Salman, J.), entered on or about January 13, 1988, which granted the defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Plaintiff commenced this action to recover damages for injuries sustained as a result of a fall which allegedly occurred on premises owned by the defendant Arbern and leased in their entirety to plaintiff's employer, the operator of a nursing home. Under the lease agreement, the obligation to maintain the premises and make all necessary repairs thereon rested upon the tenant-employer. However, the lease also gave the defendant landlord the right to enter and inspect the property and make any necessary repairs.

Contrary to the holding of the IAS court, the landlord's right to reenter would be sufficient to hold it liable for defects on the premises of which it had actual or constructive notice. *(Guzman v Haven Plaza Hous. Dev. Fund Co.,* 69 NY2d 559.) We affirm the dismissal of the complaint, however, because neither the pleadings nor the answering papers submitted on the motion for summary judgment provides the slightest indication as to the nature of the claimed defect, its duration or even where on the premises the accident occurred. In light of defendant's denial of knowledge of any condition on the premises that caused plaintiff to fall, it was incumbent on the plaintiff to submit evidentiary facts or materials to raise a triable issue in that regard. *(Indig v Finkelstein,* 23 NY2d 728.) Concur—Kupferman, J. P., Ross, Ellerin and Smith, JJ.