(February 22, 1993)

■ CATHERINE APREA, Respondent, v CAROL MANAGEMENT CORP., Appellant. (And a Third-Party Action.)—In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Queens County (Posner, J.), dated September 20, 1990, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the defendant's motion for summary judgment is granted, and the complaint is dismissed.

On December 16, 1987, the plaintiff sustained injuries when she tripped over frayed carpeting at the premises of her employer, the third-party defendant, National Westminister Bank (hereinafter NatWest), at 99-01 Queens Boulevard in Queens. The premises were leased to NatWest by the defendant third-party plaintiff-appellant, Carol Management Corp. (hereinafter the landlord).

The plaintiff instituted this action to recover damages for personal injuries against the landlord. The plaintiff alleged that the landlord was negligent, *inter alia,* in the ownership, operation, maintenance, and control of the bank premises by permitting a dangerous condition to exist for an unreasonable period of time. The landlord moved for summary judgment dismissing the complaint. The Supreme Court denied the landlord's motion for summary judgment. The court found that the landlord's right to reenter the premises, the alleged presence of the landlord's maintenance crew at the premises, and the alleged duration of the claimed dangerous condition, were sufficient to create a question of fact as to whether the landlord had actual or constructive notice of the dangerous condition such as to render it liable for the plaintiff's injuries.

In the absence of a duty imposed by statutory provision, a landlord's mere reservation of the right to enter a leased premises to make repairs is insufficient to give rise to liability for a subsequently arising dangerous condition *(see, Lafleur v Power Test Realty Co Ltd. Partnership,* 159 AD2d 691; *Brooks v Dupont Assocs.,* 164 AD2d 847; *Couvertier v Arcuri Realty,* 161 AD2d 381; *Manning v New York Tel. Co.,* 157 AD2d 264). The plaintiff has not alleged a violation by the landlord of any statutory provision sufficient to impose liability *(see, Guzman v Haven Plaza Hous. Dev. Fund Co.,* 69 NY2d 559). Indeed, the defect in the carpeting involved "[the] simple general mainte-nance of the premises which was the sole responsibility of the tenant" *(Manning v New York Tel. Co., supra,* at 270).

Nor did the plaintiff establish that the landlord retained sufficient control over the leased premises to render it liable for the injury *(see, Worth Distribs. v Latham,* 59 NY2d 231; *Putnam v Stout,* 38 NY2d 607; *Ritto v Goldberg,* 27 NY2d 887; *Cherubini v Testa,* 130 AD2d 380; *Gelardo v ASMA Realty Corp.,* 137 AD2d 787; *Hecht v Vanderbilt Assocs.,* 141 AD2d 696). Contrary to the finding of the Supreme Court, the unrefuted testimony established that the landlord's maintenance crew was only responsible for structural repairs to the premises and that NatWest employed its own maintenance crew to maintain the interior of the premises. Indeed, as was in the case in *Couvertier v Arcuri Realty (supra,* at 383), the carpeting was not "anything more that another piece of equipment or personalty installed by the tenant at its own expense, for which the tenant bears sole responsibility". Bracken, J. P., Balletta, Ritter and Pizzuto, JJ., concur.