■ STELLA MARCHESE, Appellant, v FRESH MEADOWS ASSOCIATES, Sued Herein as FRESH MEADOWS ASSOCIATION, Defendant and Third-Party Plaintiff-Respondent. UNITED PARCEL SERVICE, Third-Party Defendant-Respondent. [616 NYS2d 767] —In a negligence action to recover damages for personal injuries, the plaintiff appeals from so much of an order of the Supreme Court, Queens County (LeVine, J.), dated April 12, 1993, as granted the motion of the defendant for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

The defendant, an out-of-possession landlord, established its entitlement to summary judgment dismissing the complaint through the submission of the lease of the premises, which obligated the tenant to maintain the premises. The affidavits of employees of both the defendant and the tenant established that once exclusive possession of the premises had been turned over to the tenant, the defendant had no involvement in the maintenance of the area in which the accident occurred *(see, Kinner v Corning, Inc.,* 190 AD2d 977). In opposition thereto, the plaintiff relied solely upon the fact that under the terms of the lease, the defendant reserved the right to re-enter the premises. The plaintiff failed to submit any evidentiary facts with respect to the nature or duration of the defect which allegedly caused the accident *(see, Aprea v Carol Mgt. Corp.,* 190 AD2d 838; *Gelardo v ASMA Realty Corp.,* 137 AD2d 787, 788; *Silver v Brodsky,* 112 AD2d 213, 214). Thus, the plaintiff failed to meet her burden of raising a triable issue of fact as to whether the defendant had actual or constructive notice of the defect, or whether the defendant retained sufficient control over the premises such that liability could be imposed upon it under the circumstances *(see, Hecht v Vanderbilt Assocs.,* 141 AD2d 696, 699-700; *see also, Kamp v Arbern Realty Co.,* 153 AD2d 485). Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint. Balletta, J. P., O'Brien, Copertino and Florio, JJ., concur.