■ SALVATORE PIRILLO, Appellant, v LONG ISLAND RAIL ROAD, Respondent. [617 NYS2d 829] —In an action to recover damages for personal injuries, the plaintiff appeals from an

order of the Supreme Court, Kings County (Irving Aronin, J.), dated June 25, 1993, which granted the motion of the defendant Long Island Rail Road for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

It is well settled that an out-of-possession lessor is not liable for injuries that occur on the premises unless the lessor has retained control, or is contractually obligated to repair unsafe conditions (see, LaFleur v Power Test Realty Co. Ltd. Partnership, 159 AD2d 691; Aprea v Carol Mgt. Corp., 190 AD2d 838). At bar, the lease between the lessee and the lessor, the defendant Long Island Rail Road (hereinafter LIRR), provided that the lessee was to keep the leased premises in good repair and to keep the premises free from snow and ice. In light of the plaintiff's testimony that he injured himself when he slipped on a patch of ice which was covered with sand, the court properly granted the LIRR's motion for summary judgment. The record clearly established that the LIRR did not retain sufficient control over the leased premises to render it liable for the plaintiff's injury. Mangano, P. J., Lawrence, Copertino, Krausman and Goldstein, JJ., concur.