■ HELEN SUSSMAN et al., Appellants, v PLAINVIEW-OLD BETHPAGE SCHOOL DISTRICT et al., Defendants-Respondents. PLAINVIEW-OLD BETHPAGE SCHOOL DISTRICT, Third-Party Plaintiff-Respondent, v BOARD OF COOPERATIVE EDUCATIONAL SERVICES OF NASSAU COUNTY, Third-Party Defendant-Respon-

dent. [619 NYS2d 120] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Murphy, J.), dated June 28, 1993, as granted the motion of the defendant Plainview-Old Bethpage School District for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable to the defendant-respondent.

The Supreme Court properly concluded, upon review of the relevant lease provisions, that the defendant lessor Plainview-Old Bethpage School District had no duty to maintain the interior portion of the demised premises where the injured plaintiff allegedly fell on a slippery floor tile *(see, Pirillo v Long Is. R. R.,* 208 AD2d 818; *Aprea v Carol Mgt. Corp.,* 190 AD2d 838; *Garland v Titan W. Assocs.,* 147 AD2d 304, 310; 1 Rasch, New York Landlord and Tenant-Summary Proceedings § 15:7, at 677 [3d ed]; *see also, Pizzi v Bradlees Div.,* 172 AD2d 504; *cf., Cacciolo v Port Auth.,* 186 AD2d 528, 530). Mangano, P. J., Thompson, Copertino and Hart, JJ., concur.