■ Eileen Doyle, Respondent, v B3 Deli, Inc., et al., Respondents, and James Polychron, Appellant. [637 NYS2d 783] —In an action to recover damages for personal injuries, the defendant James Polychron appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (DiNoto, J.), dated December 9, 1994, as denied those branches of his motion which were for summary judgment dismissing the complaint, partial summary judgment on his cross claim against the codefendants B3 Deli, Inc., and Bruce Brian Bradley d/b/a Valley Stream Deli, and an inquest against those codefendants on the cross claim to determine damages.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs payable by the plaintiff-respondent and defendants-respondents appearing separately and filing separate briefs, those branches of the defendant James Polychron's motion which were for summary judgment dismissing the complaint, partial summary judgment on his cross claim, and an inquest are granted, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings consistent herewith.

The plaintiff commenced this action alleging that she slipped and fell on a slippery substance on steps leading to the premises at issue. The appellant James Polychron, an out-of-possession landlord, established his entitlement to summary judgment dismissing the complaint insofar as it is asserted against him through submission of the lease, which obligated the codefendants B3 Deli, Inc., and Bruce Brian Bradley d/b/a Valley Stream Deli, as tenants, to maintain the premises. The appellant's affidavit established that after transferring possession to the codefendants, the appellant had no involvement with the maintenance or repair of the premises and did not cause the alleged slippery condition (see, Putnam v Stout, 38 NY2d 607; Bettis v County of Nassau, 212 AD2d 749; Marchese v Fresh Meadows Assocs., 207 AD2d 871). In opposition, the plaintiff came forward with no admissible evidence to rebut the appellant's prima facie showing, and we reject the plaintiff's argument that summary judgment should be denied because the deposition of the appellant has not occurred (see, CPLR 3212 [f]).

With respect to the appellant's cross claim, the codefendants, in violation of the lease, failed to procure insurance naming him as an additional insured. However, since the appellant exercised his option under the lease to obtain his own insurance, his damages are limited to the cost of such insurance (see, Wallen v Polo Grounds Bar & Grill N. Y., 198 AD2d 19), as affected by whether the appellant charged the codefendants additional rent to cover the cost of this insurance. Rosenblatt, J. P., Sullivan, Copertino, Santucci and Goldstein, JJ., concur.