■ Robert Fajen et al., Respondents, v Eden Deli et al., Defendants, and Abdulla K. Saleh, Appellant. [662 NYS2d 86] —In an action to recover damages for personal injuries, etc., the defendant Abdulla K. Saleh appeals from an order of the Supreme Court, Kings County (Rappaport, J.), dated October 1, 1996, which denied his motion for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint is dismissed insofar as asserted against the defendant Abdulla K. Saleh, and the action against the remaining defendants is severed.

On January 18, 1994, the plaintiff Robert Fajen slipped and fell on ice outside of the Eden Deli. The defendant Abdulla K. Saleh submitted proof that he was an out-of-possession lessor

on that date, with no obligation to remove snow and ice from the premises (*see, Pirillo v Long Is. R. R.,* 208 AD2d 818; *Santiago v Gartenberg,* 178 AD2d 640).

Under the circumstances, the certificate of doing business, filed by the defendant Abdulla K. Saleh when he established the Eden Deli in 1984, does not raise a question of fact as to whether he was doing business as the Eden Deli on the date of the accident (*see,* General Business Law § 130 [6]). Bracken, J. P., Rosenblatt, Goldstein and Luciano, JJ., concur.