■ MILAGROS SALGADO, Appellant, v AUGUSTIN HERRERA et al., Respondents. [666 NYS2d 667] —In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Queens County (Kitzes, J.), entered August 5, 1996, which, upon a jury verdict, is in favor of the defendants and against her dismissing the complaint.

Ordered that the judgment is reversed, on the law, and a new trial is granted, with costs to abide the event.

The plaintiff was injured after she slipped and fell on a loose linoleum tile in her daughter's apartment. The daughter leased the apartment from the defendants.

The defendants acknowledge that, at the time of the accident, the tenancy was month-to-month without a written lease. At a deposition, introduced in evidence at the trial, the defendant Augustin Herrera further acknowledged that if his tenant complained about something which required repair, "I would either do it myself, or call someone to do it for me".

The plaintiff's daughter testified that the linoleum tile, which was in the apartment when she took possession, became loose a year and a half prior to the accident. She further testified that she complained about it to the defendant Augustin Herrera five or six times, and that Mr. Herrera promised to replace the entire floor, but never did so. It is undisputed that Mr. Herrera did repair the loose tile immediately subsequent to the accident. However, he claimed that he could not recall whether the tenant complained about the condition prior to the accident.

In its instructions to the jury, the trial court, over objection, stated that the jury must return a defendants' verdict unless the defect existed at the time the tenant took possession, and the tenant could not have discovered it upon reasonable inspection. These instructions relating to latent defects are totally inapplicable to the facts of this case, and "precluded the jury from performing its function" (*Cherubini v Testa,* 130 AD2d

380, 382-383). Moreover, the trial court's reading, over objection, of portions of PJI 6:50 was error. This section of PJI deals with a tenant's obligation to pay rent where the tenant claims the premises are unfit for occupancy.

We further note that evidence of prior promises by Mr. Herrera to correct the condition, and prior repairs by him of other portions of the apartment during the tenant's tenancy were relevant to the issue of the landlord's control of the premises (*see, Williams v State of New York,* 27 NY2d 886, 889; *Antonsen v Bay Ridge Sav. Bank,* 292 NY 143; *Marranca v 4548 Main St.,* 210 AD2d 968). The court's instructions to the jury referred only to Mr. Herrera's repair of the loose tile subsequent to the accident. In response to the plaintiff's objection, the court ruled that evidence of prior repairs was not relevant. This too was error.

Accordingly, the plaintiff is granted a new trial. O'Brien, J. P., Joy, Friedmann and Goldstein, JJ., concur.