■ NAM JIN CHUNG et al., Appellants, v M & S DELI et al., Defendants. M & S DELI CORP., Nonparty Respondent. [741 NYS2d 435] —In an action, inter alia, to recover damages for wrongful death, the plaintiffs appeal (1), as limited by their brief, from so much of an order of the Supreme Court, Kings County (Knipel, J.), dated May 26, 2000, as denied their motion to amend the caption and the complaint to add a defendant, and (2) from an order of the same court, dated August 4, 2000, which denied their motion, in effect, for leave to reargue and, sua sponte, imposed costs and sanctions against them.

■ NAM JIN CHUNG et al., Appellants, v M & S DELI et al., Defendants, and HAROLD MECKLER et al., Respondents. (And a Third-Party Action.) [741 NYS2d 436] —In an action, inter alia, to recover damages for wrongful death, the plaintiffs appeal, as limited by their brief, from so much of (1) an order of the

Supreme Court, Kings County (Knipel, J.), dated December 14, 2000, as granted the motion of the defendants Harold Meckler, Seymour Levine, and Arthur Susnow for summary judgment dismissing the complaint insofar as asserted against them, and (2) an order of the same court, dated March 16, 2001, as, upon reargument, adhered to the prior determination.

Ordered that the appeal from the order dated December 14, 2000, is dismissed, as that order was superseded by the order dated March 16, 2001, made upon reargument; and it is further,

Ordered that the order dated March 16, 2000, is affirmed insofar as appealed from; and it is further,

Ordered that the respondents are awarded one bill of costs.

The defendants Harold Meckler, Seymour Levine, and Arthur Susnow submitted sufficient evidence demonstrating their entitlement to summary judgment dismissing the complaint insofar as asserted against them (*see Zuckerman v City of New York*, 49 NY2d 557; *Davis v New York City Hous. Auth.*, 272 AD2d 365; *Hecht v Vanderbilt Assoc.*, 141 AD2d 696). In opposition, the plaintiffs failed to present sufficient evidence in admissible form to raise a triable issue of fact (*see Zuckerman v City of New York, supra*; *Byrd v New York City Tr. Auth.*, 228 AD2d 537). Feuerstein, J.P., S. Miller, Krausman and Cozier, JJ., concur.