■ PARAMJIT SINGH et al., Respondents, v RANGI SINGH, Defendant and Third-Party Plaintiff-Appellant. VICEROY OF INDIA RESTAURANT, INC., et al., Third-Party Defendants-Appellants. [742 NYS2d 384] —In an action to recover damages for personal injuries, etc., the defendant third-party plaintiff and the third-party defendants separately appeal from a judgment of the Supreme Court, Queens County (Dye, J.), entered December 6, 2000, which, upon a jury verdict finding the defendant third-party plaintiff 35% at fault, the third-party defendants 60% at fault, and the injured plaintiff 5% at fault in the happening of the accident, inter alia, awarded the plaintiffs damages.

Ordered that the judgment is reversed, on the law, the third-party complaint is dismissed, and a new trial is granted against Rangi Singh, with costs to abide the event.

The plaintiffs commenced this action, inter alia, to recover damages for personal injuries allegedly sustained by the

plaintiff Paramjit Singh as a result of a fall over a protruding fixture while he was working as a waiter at a party on the property of the defendant third-party plaintiff, Rangi Singh (hereinafter the defendant). The plaintiffs initially brought this action against the defendant and the third-party defendants, Viceroy of India Restaurant, Inc. (hereinafter Viceroy), the caterer of the party, and Mahendra Chhikara, the manager of Viceroy. Thereafter, the plaintiffs voluntarily discontinued their action against Viceroy and Chhikara with prejudice. The defendant's cross claims against Viceroy and Chhikara were converted into a third-party action. Notwithstanding that the plaintiffs' action directly against Viceroy and Chhikara had been discontinued, at the time of trial, the Supreme Court repeatedly referred to both the defendant and Viceroy and Chhikara, the third-party defendants, as "defendants" throughout its jury charge. In addition, the Supreme Court failed to instruct the jury on the elements necessary to impose liability upon the third-party defendants as the injured plaintiff's employer. While the Supreme Court made one passing reference to the third-party claim, the charge as a whole failed to convey the legal distinctions between the defendant and the third-party defendants. Since the charge confused and created doubt as to the principles of law to be applied, the judgment is reversed and a new trial is granted (see *Rosas v Ishack,* 219 AD2d 633; *Kearse v Food Fair Stores,* 104 AD2d 582).

Moreover, since there is no viable theory upon which the third-party defendants may be held negligent, the third-party complaint should be dismissed (see *Wesley v Long Is. Power Auth.,* 284 AD2d 391; *Soto v City of New York,* 244 AD2d 544; *Camarda v Summit Homes,* 233 AD2d 285; *Gomes v Revere Sugar Corp.,* 140 AD2d 582).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Florio, J.P., Feuerstein, O'Brien and Adams, JJ., concur.