■ YECHIEL MICHALOWITZ, Appellant, v MICHAEL FRIEDMAN et al., Respondents. [842 NYS2d 509]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Harkavy, J.), dated January 11, 2006, which granted

the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the motion for summary judgment dismissing the complaint is denied.

On June 28, 2002 the plaintiff allegedly was injured when he tripped and fell on a hole in the linoleum-covered kitchen floor of an apartment rented by his sister and brother-in-law. He commenced this action against the defendant landlords (hereinafter the landlords).

After issue was joined, the landlords moved for summary judgment dismissing the complaint based upon the affidavit and deposition testimony of the defendant landlord Michael Friedman and the depositions of the plaintiff and the tenant Jacob Moskowitz. Friedman stated that the tenants occupied the premises pursuant to an oral agreement and that the landlords' obligation pursuant to that agreement was "to do structural repairs when needed." According to Friedman, sometime in 2002, the tenant advised him that there was a leak in the skylight in the kitchen ceiling, and a handyman hired by Friedman fixed the leak. Friedman denied that the tenant complained to him about any condition in the apartment relating to the leak, and denied that he performed any other repairs in the apartment.

The tenant Jacob Moskowitz testified at his deposition that water from the leak created a bubble in the linoleum, which caused the linoleum to crack and break. Although Jacob Moskowitz claimed that pursuant to the terms of the oral agreement, the landlords were obligated to make routine repairs such as fixing leaking faucets, he did not recall telling Michael Friedman about the hole in the linoleum.

In opposition to the defendants' prima facie showing of entitlement to judgment as a matter of law on the ground that they had no actual or constructive notice of the defect and therefore no duty to repair it, the plaintiff submitted the affidavit of Jacob Moskowitz's wife, Odel Moskowitz. That affidavit was admissible since the plaintiff identified her at his examination before trial, while discovery was still ongoing and before a note of issue was filed, as a witness on the issue of whether the defendants had notice of the defect (see Parra v 167 Allison Meat Corp., 7 AD3d 451 [2004]; Gellerstein v Mulvey's Mar. Sport Shop, 283 AD2d 397 [2001]; Burton v New York City Hous. Auth., 191 AD2d 669, 671 [1993]).

In her affidavit, Odel Moskowitz stated that in March 2002 the skylight in the kitchen began to leak and her husband

complained about this condition to the landlords. In response, in April 2002, a handyman or roofer hired by the landlords repaired the roof adjacent to the skylight. She further stated that after the roof was repaired Michael Friedman visited the apartment to view the damage caused by the leak and she "personally showed him the damages to the kitchen ceiling and a hole in the linoleum on the kitchen floor caused by water from the leak, and asked him to repair them." In response, the landlords hired a handyman who fixed the ceiling. However, the hole in the linoleum was not repaired, and about two months later, the plaintiff tripped and fell as a result of the defect.

Under the circumstances of this case, the plaintiff raised a triable issue of fact as to whether the landlords had actual notice of the hole in the linoleum and a duty to repair it (*see Dawson v Raimon Realty Corp.*, 303 AD2d 708, 709 [2003]; *Salgado v Herrera*, 245 AD2d 439, 440 [1997]; *Cherubini v Testa*, 130 AD2d 380, 382 [1987]). Accordingly, the landlords' motion for summary judgment dismissing the complaint should have been denied. Crane, J.P., Goldstein, Dillon and Carni, JJ., concur.