■ MILCA ESDAILLE, Individually and as Mother and Natural Guardian of ALANNA VAUGHNS, an Infant, Appellant, v WHITE-HALL REALTY COMPANY et al., Respondents. (And Another Action.) [878 NYS2d 3]—

Order, Supreme Court, Bronx County (Stanley Green, J.), entered November 30, 2007, which in an action for personal injuries resulting from an apartment fire, granted the motion of defendants Whitehall Realty Company and Hampton Management Company (sponsor defendants) for summary judgment dismissing the complaint and all cross claims as against them, unanimously affirmed, without costs.

The court properly found that the motion for summary judg-

ment was timely, as it was served within the time dictated by the court (*see* CPLR 2211; *Gazes v Bennett*, 38 AD3d 287 [2007]). The 10-day delay in re-noticing the motion was due to the Clerk's office rejection of the original motion papers because the case had been transferred to another part that required motions to be brought by order to show cause (*see Rivera v Glen Oaks Vil. Owners, Inc.*, 29 AD3d 560 [2006]).

Sponsor defendants established their prima facie entitlement to summary judgment. In opposition, plaintiffs failed to raise a triable issue of fact.

Sponsor defendants cannot be held liable for injuries allegedly sustained as a result of the installation of window guards on the window to the terrace, as such was the responsibility of the building owner. In any event, the window guards were properly installed in accordance with New York City Health Code (24 RCNY) § 131.15 (a), and contrary to plaintiffs' contention, the terrace did not constitute a fire escape (*see* Administrative Code of City of NY § 27-2004 [a] [43]; Multiple Dwelling Law § 4 [42] [c]). Furthermore, plaintiffs' theory based on an allegedly malfunctioning smoke detector is equally unavailing because even if, as claimed by plaintiffs, their duty to maintain the smoke detector in proper working order (*see Tucker v 64 W. 108th St. Corp.*, 2 AD3d 193 [2003], *lv dismissed* 2 NY3d 759 [2004], *lv denied* 5 NY3d 710 [2005]) was shifted through a course of conduct by the building owner (*see Ritto v Goldberg*, 27 NY2d 887, 889 [1970]; *Cherubini v Testa*, 130 AD2d 380, 382 [1987]), such burden shifting impacts owner defendants, not sponsor defendants. Concur—Mazzarelli, J.P., Nardelli, Buckley, Acosta and DeGrasse, JJ.