Deprospo v Nixon-Cochran (2024 NY Slip Op 00128)

Deprospo v Nixon-Cochran

2024 NY Slip Op 00128

Decided on January 11, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 11, 2024

Before: Renwick, P.J., Manzanet-Daniels, González, Rodriguez, Pitt-Burke, JJ. 

Index No. 350720/09 Appeal No. 1417 Case No. 2023-00087 

[*1]Justin Deprospo etc., et al., Plaintiffs-Respondents,
v
Michelle Nixon-Cochran etc., et al., Defendants-Respondents, General Baito Automotive Warehouse, Inc., et al., Defendants-Appellants, Hector Nunez Doing Business as General Baito Auto Parts et al., Defendants.

Camacho Mauro, LLP, New York (Anthony J. Buono of counsel), for appellants.
Proner & Proner, P.C., New York (Tobi R. Salottolo of counsel), for Justin DeProspo and Eileen Santiago, respondents.
Chaifetz & Chaifetz, New York (Lawrence Chaifetz of counsel), for Eileen Santiago and Jennifer Santiago, respondents.
Cheven Keely & Hatzis, New York (Thomas Torto of counsel), for Michelle Nixon-Cochran, respondent.
Law Office of Jennifer S. Adams, Yonkers (Jeffrey A. Domoto of counsel), for Edward Turner, respondent.

Order, Supreme Court, Bronx County (Ben R. Barbato, J.), entered on or about July 7, 2022, which denied, as untimely, the motion of defendants General Baitoa Automotive Warehouse, Inc., Baitoa General Auto Equipment, Inc. and 450 Concord Avenue Corp. (collectively, Baitoa) for summary judgment dismissing the complaint and all cross-claims as against it, unanimously affirmed, without costs.
Baitoa's summary judgment motion was timely because the motion was served by hard copy on all parties by the court-ordered deadline of December 7, 2021. Plaintiffs, who acknowledged that the motion was timely, failed to show that they were prejudiced by the delay (see CPLR 2001; Great E. Mall, Inc. v Condon, 36 NY2d 544, 548 [1975]; see also Matter of Garth v Board of Assessment Review for Town of Richmond, 13 NY3d 176, 180 [2009] [lack of return date on notice of petition did not result in loss of personal jurisdiction where respondent alleged no prejudice from defect]). Thus, although Baitoa did not electronically file its amended motion for summary judgment until February 14, 2022, they nonetheless timely served the motion on all parties within the proper time frame (see Esdaille v Whitehall Realty Co., 61 AD3d 435, 435-436 [1st Dept 2009]).
Nevertheless, Supreme Court properly denied the motion, as Baitoa failed to make a prima facie showing that it could not be held vicariously liable for its delivery driver's alleged negligence. Plaintiffs demonstrated that the delivery driver worked full-time for Baitoa on a fixed schedule; was injured while making a delivery to an individual waiting for her on the street after being directed to do so by a Baitoa supervisor; and, as a result of the collision, received worker's compensation through Baitoa. The question of whether Baitoa sufficiently controlled the method and manner in which the driver performed her job so as to render her an employee, rather than an independent contractor, involves factual issues that must be left to a jury to decide (see Bynog v Cipriani Group, Inc., 1 NY3d 198, 198 [2003]; Vazquez v Beth Abraham Health Servs., 172 AD3d 411, 411-412 [1st Dept 2019]).
We have considered the remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 11, 2024