Wahid v HMC Times Sq. Hotel, L.P. (2024 NY Slip Op 04342)

Wahid v HMC Times Sq. Hotel, L.P.

2024 NY Slip Op 04342

Decided on August 28, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 28, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
WILLIAM G. FORD
LILLIAN WAN, JJ.

2020-09034
 (Index No. 717591/17)

[*1]Bibi Wahid, appellant, 
v
HMC Times Square Hotel, L.P., et al., respondents.

Bongiorno Law Firm, PLLC (Edelstein & Grossman, New York, NY [Jonathan I. Edelstein], of counsel), for appellant.
Chesney Nicholas & Brower, LLP, Syosset, NY (Gregory E. Brower of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Darrell L. Gavrin, J.), entered November 2, 2020. The order, insofar as appealed from, granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant HMC Times Square Hotel, L.P.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff, an employee of the New York Marriott Marquis Hotel (hereinafter the hotel), allegedly was injured when she rolled her right foot while ascending a staircase in the hotel due to a defective condition in the stair nosing. The subject property was owned by the defendant HMC Times Square Hotel, L.P. (hereinafter HMC), and the management and operation of the hotel were entrusted to Marriott International, Inc. (hereinafter Marriott), pursuant to a management agreement.
The defendants moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against HMC. In an order entered November 2, 2020, the Supreme Court, among other things, granted that branch of the defendants' motion. The plaintiff appeals.
"Generally, a landowner owes a duty of care to maintain his or her property in a reasonably safe condition" (Santiago v City of New York, 206 AD3d 679, 681; see Gronski v County of Monroe, 18 NY3d 374, 379). "'That duty is premised on the landowner's exercise of control over the property, as the person in possession and control of [the] property is best able to identify and prevent any harm to others'" (Santiago v City of New York, 206 AD3d at 681, quoting Gronski v County of Monroe, 18 NY3d at 379 [internal quotation marks omitted]). "Indeed, '[i]t has been held uniformly that control is the test which measures generally the responsibility in tort of the owner of real property'" (id., quoting Ritto v Goldberg, 27 NY2d 887, 889).
Here, inasmuch as the management agreement did not convey a leasehold interest to Marriott, HMC, as the owner, "remain[ed] in presumptive control over its property and subject to [*2]the attendant obligations of ownership until it is found that control was relinquished, either as a matter of law or by a factfinder after presentation of all of the evidence" (Gronski v County of Monroe, 18 NY3d at 382; see Santiago v City of New York, 206 AD3d at 681). "[T]o determine whether the landowner in fact surrendered control over the property such that the landowner's duty is extinguished as a matter of law," the court should look not only to the terms of the agreement but also to the parties' course of conduct (Gronski v County of Monroe, 18 NY3d at 381; see Santiago v City of New York, 206 AD3d at 681).
In support of that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against HMC, the defendants submitted evidence demonstrating that Marriott had exclusive responsibility for hotel operations, including, among other things, to maintain the hotel in good repair and condition and to "[p]lan, execute and supervise repairs and maintenance at the hotel." The defendants also demonstrated that while HMC retained a right to inspect the hotel premises and to approve structural improvements and repairs to the hotel, it did not maintain any employees or any presence at the hotel. The defendants thus established, prima facie, that HMC relinquished control of the hotel to Marriott such that HMC owed no duty to the plaintiff to remedy the allegedly defective condition in the staircase (see Santiago v City of New York, 206 AD3d at 681-682; see also Guzman v 787 Holdings, LLC, 228 AD3d 628). In opposition, the plaintiff failed to raise a triable issue of fact.
The plaintiff's remaining contentions either are without merit or need not be reached in light of our determination.
IANNACCI, J.P., CHAMBERS, FORD and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court