383 P.3d 673

**Barrett JOHNSON, a single man, Plaintiff/Appellant,**

v.

**ALMIDA LAND & CATTLE COMPANY, LLC, an Arizona limited liability company, Defendant/Appellee.**

No. 1 CA–CV 15–0416

Court of Appeals of Arizona, Division 1.

FILED 11/3/2016

Murphy, Schmitt, Hathaway & Wilson, P.L.L.C., Prescott, By Robert E. Schmitt, Andrew J. Becke, Counsel for Plaintiff/Appellant

Lewis Brisbois Bisgaard & Smith LLP, Phoenix, By Matthew D. Kleifield, Robert C. Ashley, Counsel for Defendant/Appellee

Presiding Judge Peter B. Swann delivered the opinion of the court, in which Judge Jon W. Thompson and Judge Donn Kessler joined.

## OPINION

SWANN, Judge:

¶1 This case presents the question whether a permittee operating on federal land owes a duty of care to the public when it erects improvements on the land. We hold that such a duty exists as a matter of law, and that the

concept of foreseeability in the relevant section of the Restatement (Second) of Torts does not bear on the existence of legal duty.

## FACTS AND PROCEDURAL HISTORY

¶2 The United States Forest Service granted a permit to Almida Land and Cattle Company, LLC ("Almida"), that allowed Almida to graze cattle on certain federally owned land within the Prescott National Forest. In accordance with the terms of the permit, Almida erected an electric fence in its grazing area. In June 2011, Barrett Johnson collided with the fence while riding an off-road motorcycle on an unimproved, non-Forest Service route.

¶3 Johnson brought negligence claims against Almida. Almida moved for summary judgment, arguing that it owed no duty of care to Johnson under Restatement (Second) of Torts § 386. The superior court agreed and granted summary judgment for Almida.[1] For the following reasons, we reverse.

## DISCUSSION

¶4 Negligence requires proof of a legal duty, a breach of that duty, a causal connection between the breach and an injury, and actual damages. *Gipson v. Kasey*, 214 Ariz. 141, 143, ¶ 9, 150 P.3d 228, 230 (2007). There can be no liability if the court determines that no duty exists as a matter of law. *Id.* at ¶ 11. But the existence of a legal duty does not imply that liability necessarily exists in any individual case.

¶5 We generally follow the Restatement unless it is contrary to Arizona law. *Barnes v. Outlaw*, 192 Ariz. 283, 285, ¶ 6, 964 P.2d 484, 486 (1998). The parties agree that Almida, a permittee, was not a "possessor of land" as defined by Restatement (Second) of Torts § 328E. But while Almida acknowledges that Restatement (Second) § 386 recognizes a duty owed by certain nonpossessory users of land, it contends that the Restatement doctrine is outdated and superseded by *Gipson*. Almida contends that the

superior court correctly held that § 386 conflicts with *Gipson*'s directive that "foreseeability is not a factor to be considered by courts when making determinations of duty." 214 Ariz. at 144, ¶ 15, 150 P.3d at 231.

¶6 Section 386 provides:

> Any person, except the possessor of land or a member of his household or one acting on his behalf, who creates or maintains upon the land a structure or other artificial condition *which he should recognize as involving an unreasonable risk of physical harm to others* upon or outside of the land, is subject to liability for physical harm thereby caused to them, irrespective of whether they are lawfully upon the land, by the consent of the possessor or otherwise, or are trespassers as between themselves and the possessor.

(Emphasis added.)

¶7 It is true that § 386 includes a reference to foreseeability: it provides that liability may be imposed only for the defendant's creation or maintenance of an artificial condition "which he should recognize as involving an unreasonable risk of physical harm to others upon or outside of the land." But that factual predicate for liability does not place *Gipson* and § 386 in conflict.

¶8 Section 386 addresses the entire topic of *liability*, not merely the single concept of *duty*. Indeed, the section does not even mention "duty," and by describing the factual predicates for liability, it presupposes the existence of a legal duty owed by one who creates or maintains an artificial condition upon land to those present on the land. *Gipson* did not hold that foreseeability is an impermissible consideration in determining liability. To the contrary, the court wrote: "[f]oreseeability ... is more properly applied to the factual determinations of breach and causation than to the legal determination of duty." 214 Ariz. at 144, ¶ 17, 150 P.3d at 231. Foreseeability under § 386 is therefore relevant to whether the defendant is liable on the facts of a specific case, not to whether a bare

---

1. Almida further contended, and the superior court found, that no duty was owed under Restatement (Second) of Torts §§ 383, 384, or 385. At oral argument on appeal, Johnson waived his challenges to the court's conclusions regarding §§ 383, 384, and 385 contingent on our holding that a duty exists under § 386.

legal duty exists. Because we perceive no conflict between the Restatement and *Gipson*, we follow the longstanding common-sense rule set forth in § 386. A contrary holding would lead to absurd results by immunizing permittees, no matter how negligent, from all liability to visitors on the land.[2]

## CONCLUSION

¶9 The superior court erred by granting summary judgment to Almida on duty grounds. Almida owed a duty under Restatement (Second) of Torts § 386. We reverse the entry of summary judgment and remand for proceedings consistent with this opinion.

---

**2.** Because we follow § 386, we need not reach Johnson's argument that we should formally adopt Restatement (Third) of Torts: Physical and Emotional Harm § 7, which broadly provides that "[a]n actor ordinarily has a duty to exercise reasonable care when that actor's conduct creates a risk of physical harm," unless the court decides that "an articulated countervailing principle or policy warrants denying or limiting liability in a particular class of cases."