NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

CARLOS CARRILLO, et al., *Plaintiffs/Appellants*,

*v.*

ROBERT URIBE, et al., *Defendants/Appellees*.

No. 1 CA-CV 18-0157
FILED 3-15-2019

Appeal from the Superior Court in Maricopa County
No. CV2015-009156
The Honorable Daniel G. Martin, Judge

**AFFIRMED**

COUNSEL

Mick Levin PLC, Phoenix
By Mick Levin
*Counsel for Plaintiffs/Appellants*

Jardine, Baker, Hickman & Houston, PLLC, Phoenix
By Bradley R. Jardine
*Co-Counsel for Defendants/Appellees*

Law Offices of Farley Choate & Bergin, Oklahoma City, OK
By Jennifer R. Rebholz
*Co-Counsel for Defendants/Appellees*

**MEMORANDUM DECISION**

Judge Randall M. Howe delivered the decision of the Court, in which Presiding Judge Paul J. McMurdie and Judge Jennifer B. Campbell joined.

H O W E, Judge:

¶1        Carlos and Sonia Carrillo challenge the trial court's entry of summary judgment on their negligence claim against Robert and Anna Uribe. For the following reasons, we affirm.

**FACTS AND PROCEDURAL HISTORY**

¶2        The Uribes held a christening party for their granddaughters at their home. They invited the Carrillos, who lived next door, and T.M., who lived in the neighborhood. Both Carlos and T.M. became intoxicated at the party, and Carlos hit T.M. Robert told the Carrillos and T.M. to leave, and they did.

¶3        Robert tried to escort T.M. home but did not offer to walk the Carrillos home. Carlos and T.M. then began fighting in the street in front of the Carrillos' home. Carlos was injured in the fight.

¶4        The Carrillos sued the Uribes and T.M., alleging both were negligent. The Uribes moved for summary judgment, contending that they did not owe Carlos a duty of care because he left their property before he was injured. The trial court agreed and granted the Uribes' motion. The Carrillos settled their claim against T.M. and timely appealed the judgment in the Uribes' favor.

**DISCUSSION**

¶5        On review of a grant of summary judgment, we determine de novo whether any genuine issues of material fact exist and whether the trial court properly applied the law. *Sign Here Petitions LLC v. Chavez*, 243 Ariz. 99, 104 ¶ 13 (App. 2017). We view the facts and reasonable inferences in the light most favorable to the Carrillos as the non-prevailing parties. *Rasor v. Northwest Hospital, LLC*, 243 Ariz. 160, 163 ¶ 11 (2017). Summary judgment should be granted only "if the facts produced in support of [a] claim . . . have so little probative value, given the quantum of evidence required, that

reasonable people could not agree with the conclusion advanced by the proponent of the claim[.]" *Orme School v. Reeves,* 166 Ariz. 301, 309 (1990).

### 1. The Uribes Had No Duty to Prevent Carlos's Injury

¶6  A plaintiff must prove four elements to establish a negligence claim: (1) a duty requiring the defendant to conform to a certain standard of care, (2) the defendant's breach of that standard, (3) a causal connection between the defendant's conduct and the resulting injury, and (4) actual damages. *Quiroz v. ALCOA Inc.*, 243 Ariz. 560, 563–64 ¶ 7 (2018). We review the trial court's duty determination de novo. *Id.* We must determine whether a duty exists as a matter of law before considering the case-specific facts. *Id.*

¶7  Duties arise from either recognized common law special relationships or relationships created by public policy. *Id.* at 565 ¶ 14. Duties based on special relationships come from several sources, including those recognized under common law, contracts, or conduct undertaken by the defendant. *Id.* The fact that a duty exists does not imply that liability necessarily exists. *Johnson v. Almida Land & Cattle Co., LLC*, 241 Ariz. 30, 31 ¶ 4 (App. 2016).

¶8  The Carrillos first contend that the Uribes owed them a duty of care as social guests. Social guests are licensees while on the landowner's property. *Shannon v. Butler Homes, Inc.*, 102 Ariz. 312, 316 (1967). Generally, a landowner owes a duty to warn a licensee of hidden peril and refrain from willfully causing a licensee harm. *Shaw v. Petersen*, 169 Ariz. 559, 561 (App. 1991). That duty ends, however, when the guest leaves the landowner's property. *Wickham v. Hopkins*, 226 Ariz. 468, 472 ¶ 17 (App. 2011).

¶9  The Carrillos distinguish *Wickham*, arguing that while Carlos's injury occurred off-premises, the alleged tort—the Uribes' asking him to leave while T.M. waited for him outside—occurred on-premises. They cite no authority, however, to suggest that asking a social guest to leave imposes a duty on property owners to protect against injuries that may occur after the guest has left. *See Quiroz*, 243 Ariz. at 567–68 ¶¶ 23–28 (rejecting the contention that landowners owe a general duty of care for off-premises injuries). The evidence plainly showed that Carlos's injury occurred after he left the Uribes' property. His earlier social guest status is thus irrelevant. *See Wickham*, 226 Ariz. at 472 ¶ 17 (concluding that the landowner-licensee relationship ended "when Wickham walked off the Hopkinses' property onto the street").

### 2. The Uribes Did Not Voluntarily Assume a Duty of Care

¶10        The Carrillos also contend Robert voluntarily assumed a duty of care to Carlos "[b]y choosing to escort . . . [T.M.] home." *See, e.g., Knauss v. DND Neffson Co.*, 192 Ariz. 192, 198 (App. 1997) ("A party may voluntarily assume a duty not imposed at common law and, once assumed, must discharge the duty with reasonable care."). They cite *Lloyd v. State Farm Mut. Auto. Ins. Co.*, 176 Ariz. 247 (App. 1992), in which this Court determined an insurer assumed a duty to defend its insured by stating it would "take care of" a claim. *Id.* at 251. Nothing in the record suggests that the Uribes agreed to "take care of" Carlos at any time after asking him to leave the premises. *See Wickham*, 226 Ariz. at 472 ¶ 20 (distinguishing its own facts from *Lloyd* to find no assumption of a duty of care). Indeed, the Carrillos do not dispute that Robert tried to escort T.M. home because he was concerned for T.M.'s safety.

### CONCLUSION

¶11        For the foregoing reasons, we affirm. The Uribes may recover their taxable costs incurred on appeal upon their compliance with ARCAP 21.



AMY M. WOOD • Clerk of the Court
FILED:  AA